■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered March 3, 1983, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

On January 16, 1982, at approximately 2:00 A.M., the complainant was attacked by three men as he approached the token booth at the Ralph Avenue subway station Brooklyn. The assailants grabbed the complainant by the throat and violently threw him into a chain link fence. They then repeatedly punched and kicked their victim. One of the perpetrators, later identified as the defendant, forcibly stole $150 from the complainant.

A transit police officer was on duty to the subway station; he stated that he heard a "commotion", and proceeded to the mezzanine level in order to investigate. He was subsequently informed by the complainant, as well as by three women who had witnessed the attack, that three black males had committed the robbery. The complainant then accompanied the officer in search of the perpetrators.

The police officer and the complainant, after leaving the train station, decided to search a bar located on the corner; it was the only establishment in the immediate vicinity that was still open. They entered the bar, whereupon the complainant immediately identified the defendant as one of the three men who had robbed him. The police officer, accordingly, placed the defendant under arrest and proceeded to handcuff him.

The officer, the defendant and the complainant then returned to the subway station. As they approached the three women eyewitnesses, each spontaneously identified the defendant as one of perpetrators of the robbery. Approximately 10

to 15 minutes had elapsed from the time that the officer first heard the commotion until the three women identified the defendant.

We agree with the hearing court's conclusion that the showup identification of the defendant was not unnecessarily suggestive. Since the defendant was apprehended within minutes of the crime and in close proximity thereto, "the police acted properly in arranging a prompt on-the-scene showup" *(People v Kennerly,* 117 AD2d 624, 625; *see, People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17, 23-24, *affd* 50 NY2d 366; *People v Smith,* 46 AD2d 639, *affd* 38 NY2d 882). Moreover, since the complainant, as well as three eyewitnesses, identified the defendant without any impermissible prompting on the part of the police, the denial of the defendant's motion to suppress was proper *(see, People v Ford,* 100 AD2d 941, 943; *People v Nieves,* 92 AD2d 837; *People v Osgood,* 89 AD2d 76).

We also note that while some of the prosecutor's comments in summation were improper, any errors in that regard were rendered harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Galloway,* 54 NY2d 396). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.