■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD McKAY, Appellant

The defendant's contention that there was no probable cause to support his arrest and that the subsequent showup identification of him by the complainant was, therefore, illegal, is without merit.

Probable cause to arrest exists if the facts and circumstances known to the arresting officer would lead a reasonable person possessing the same expertise as the arresting officer to conclude that it is more probable than not that the suspect has committed or is committing an offense *(People v Bigelow,* 66 NY2d 417, 423; *People v Carrasquillo,* 54 NY2d 248, 254). In this case, the arresting officers, while on motor patrol at approximately 2:45 A.M., observed what appeared to be a fight on the street from a distance of approximately one-half block. The police then observed two young males, one of whom was wearing a burgundy jacket, run from the scene of the fight. After ascertaining from the complaining witness that he did not require immediate attention, the police drove in the direction of the fleeing man. Within less than one minute after observing the fight, the police observed the defendant several blocks from the scene of the fight. The defendant was the only civilian in the area, and was wearing a burgundy jacket. The combination of the personal knowledge by the police that an altercation had occurred and the direction in which the man had fled, the observation of the defendant in extremely close proximity in time and location to the altercation, the status of the defendant as the only civilian in the vicinity, and the fact that the defendant was wearing a burgundy-colored jacket which the police had observed one of the fleeing men wearing, taken together, constituted probable cause to arrest the defendant.

The defendant's other contention is similarly without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.