■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GREEN, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Castellino, J.), rendered May 16, 1985, convicting him of criminal possession of a weapon in the third degree, criminal mischief in the third degree and menacing, upon a jury verdict, and imposing sentence, (2) by permission, from an order of the same court (Rosato, J.), entered June 19, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment, and (3) from an order of the same court (Rosato, J.), entered August 1, 1986, which denied his motion to reargue or resettle the order dated June 19, 1986.

Ordered that the appeal from the order entered August 1, 1986, is dismissed, as no appeal lies from an order denying reargument or resettlement; and it is further,

Ordered that the judgment and the order entered June 19, 1986, are affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of charges arising from his vandalizing a jeep. The defendant claims that his cousin's admission, made subsequent to the trial, that it was he and not the defendant that had broken the jeep's window with a rock, was new evidence which met the criteria of CPL 440.10 (1) (g) for vacating the judgment. First, the admission is of dubious authenticity in that it was made one week after the expiration of the Statute of Limitations for the crime. Second, the defendant's conviction was based on the testimony of two eyewitnesses and a police officer who testified that the defendant admitted breaking the jeep's windows. In view of that fact, it is unlikely that the "new evidence" would result in a different verdict (see, *People v Latella,* 112 AD2d 321). Finally, the contention that the jeep's windows were broken by thrown stones was suggested at trial and obviously rejected by the jury.

The defendant also claims that his attorney-client privilege was violated by the Hearing Judge's requirement, in connection with his CPL article 440 application, that his attorney

state that his client did not tell him about the admission, made by the defendant's motion, before or during the trial. This requirement was material to the issue of his attorney's due diligence in discovering such evidence before trial, and the defendant, by raising the issue in his CPL article 440 motion for a new trial based on "newly discovered evidence", thus waived the privilege of confidentiality with respect thereto.

The appellant's contention that the verdict convicting him of criminal possession of a weapon in the third degree and acquitting him of assault in the second degree was repugnant was not preserved for appellate review. In any event, the contention is without merit (see, People v Goodfriend, 64 NY2d 695). Evidence was presented by which the jury could conclude that the defendant intentionally stored an ax handle in his car's trunk for an unlawful purpose without finding an intent to injure someone.

We have considered the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.