■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BRUEN, Also Known as THOMAS BRUEN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scancarelli, J.), rendered May 2, 1985, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial viewed in the light most favorable to the prosecution and given the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768), is legally sufficient to support the defendant's conviction. Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). In fact, the proof of guilt was overwhelming.

The defendant's contention that the testimony of Detectives

Kaminski and Nolan, which recounted the witness Edgar Cleveland's prior showup identification of the defendant was impermissible bolstering, is without merit. Cleveland observed the defendant at the time of the robbery, and viewed him again at a police showup shortly thereafter, at which time he identified the defendant as one of the men who robbed him. However, at the defendant's trial, which took place five years after the robbery because the defendant could not be located for that period of time, Cleveland could not positively identify the defendant as a participant in the robbery.

Testimony by a witness concerning another witness's prior identification of a defendant is permissible when the eyewitness has stated that he viewed the defendant during the commission of the crime, and on a subsequent occasion at a legally permissible identification procedure, and cannot at present state that the defendant is the person he previously identified (see, CPL 60.25). Here, the testimony of Cleveland supports the statutory requirements of the Criminal Procedure Law. Further, contrary to the defendant's contention, the prompt on-the-scene showup conducted by the police was not improper (see, People v Turner, 120 AD2d 628, 629) and may serve as the identification procedure utilized to fulfill the second prong of the requirements of CPL 60.25 (see, People v Gonzalez, 46 NY2d 1011, 1012).

The defendant's charge that the prosecutor improperly injected his beliefs into the summation was not preserved for review on appeal. Although the defendant did move for a mistrial after the prosecutor had concluded his summation, and a motion for a mistrial may be sufficient to preserve an issue for review by this court (see, People v Medina, 53 NY2d 951, 953; People v Jalah, 107 AD2d 762, 763), in this case the motion was untimely. In order to preserve this issue for appellate review, a motion for a mistrial or objection must be made at the time of the impropriety and a belated motion which does not give the trial court opportunity to remedy the error complained of will fail to preserve the issue (see, CPL 470.05; People v Narayan, 54 NY2d 106, 112; People v Price, 120 AD2d 690). Here, the belated motion by the defendant failed to preserve this issue.

In any event, any error in the prosecutor's summation was harmless (see, People v Wood, 66 NY2d 374, 379-380). Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.