■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENO GEE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 18, 1985, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

At the suppression hearing, Sergeant Wilfred English, Jr. testified that while driving his vehicle, he observed the defen-

dant running away from a gas station and into a nearby wooded area. At that time, the defendant was holding a large gun in his hand. The sergeant immediately drove his vehicle into the gas station and asked the attendant what had occurred. The gas station attendant replied that he had just been robbed and pointed in the same direction in which the sergeant had seen the defendant flee. The sergeant then "spun" his vehicle in the indicated direction and pursued the defendant. He observed a female standing on the outskirts of the wooded area near the gas station. The defendant, whom the sergeant recognized as the man he had previously seen, emerged from the woods and joined the female. The sergeant stopped his vehicle, approached the pair and arrested them.

Under these circumstances, we find that the County Court could properly conclude that the sergeant had probable cause to believe that the defendant had committed the robbery (see, CPL 140.10; *People v Oden,* 36 NY2d 382; *People v McKay,* 124 AD2d 828, *lv denied* 69 NY2d 830; *People v Simmons,* 114 AD2d 476; *People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865). Since the defendant's arrest was supported by probable cause, "there was no constitutional infirmity in * * * the one-on-one showup [of the defendant to the gas station attendant] at the scene in view of its proximity in time and location to the point of arrest" *(People v Brnja,* 50 NY2d 366, 372; *see, People v Turner,* 120 AD2d 628, *lv denied* 68 NY2d 673), and consequently, the defendant's further contention that the subsequent lineup identifications and his statements to law enforcement officials should have been suppressed as the fruits of an illegal arrest lacks merit.

The County Court did not abuse its discretion by denying the defendant's application for an adjournment to retain private counsel. His request was made on the eve of trial and he had previously made a similar request of the court but failed to obtain new counsel *(see, People v Tineo,* 64 NY2d 531; *People v Arroyave,* 49 NY2d 264). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.