■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LIBERTY, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 22, 1985, convicting him of robbery in the first degree under indictment No. 4545/83, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered May 20, 1985, convicting him of robbery in the second degree (two counts), upon severed counts of the same indictment.

Ordered that the judgments are affirmed.

At approximately 11:00 P.M. on the evening of August 13, 1983, the defendant and Kevin Hickey, assisted by Denise Dunn, lured Thomas Hannan out of a bar and robbed him at gun and knifepoint. In the course of the crime, the assailants also kicked Hannan in the head, rupturing his eardrum and rendering him unconscious. A few hours later, the defendant, Hickey and Dunn robbed Patrick and Diane Cavanaugh, a couple with whom they had been drinking at a nearby bar, at knifepoint, stabbing Patrick Cavanaugh 3 or 4 times in the head when he resisted.

The charges pertaining to the robbery of Hannan and the robberies of the Cavanaughs, were severed, and separate trials were held, resulting in the defendant's conviction of robbery in the first degree for the robbery of Hannan and his conviction of robbery in the second degree (two counts) for the robberies of the Cavanaughs.

On appeal, the defendant contends that the People did not prove his guilt of the robberies beyond a reasonable doubt. The defendant's argument is without merit. Upon viewing the evidence in both cases in the light most favorable to the prosecution, it is readily apparent that the evidence was legally sufficient to support the convictions (see, People v Contes, 60 NY2d 620, 621). In both cases, the victims' testimony was corroborated by their documented physical injuries, the prompt identification by the victims of their assailants, including the defendant, when they saw them again, and by the fact that the victims' personal belongings were found by the police in the vehicle belonging to the codefendant Hickey, in which the three assailants had been riding.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). The juries herein were entitled to reject the defendant's account of the evening's events, and to accept the more credible testimony of victims and the police officers. Upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant contends in his supplemental *pro se* brief that he was denied the effective assistance of counsel at his arraignment and during the Grand Jury proceedings because he and the complainant Hannan, who had been arrested on an unrelated matter, were represented by two Legal Aid attorneys, creating a conflict of interest. However, there is nothing in the record to support the defendant's allegation that his Legal Aid attorney advised him not to testify before the Grand Jury, or that, if he so advised the defendant, it was because of any improper motive. Since the record is devoid of any evidence on this issue, it is not cognizable on appeal.

In any event, the dual representation of the complainant and the defendant by two Legal Aid attorneys who were

unaware of the fact does not per se create a conflict of interest *(see, People v Wilkins,* 28 NY2d 53) and we note that, upon learning of the dual representation, the defendant's Legal Aid attorney withdrew as counsel.

Finally, there is no merit to the defendant's argument that the court in the Hannan robbery trial prejudiced him by permitting the prosecutor to inquire into a prior felony charge to which the defendant had pleaded guilty but upon which he had not yet been sentenced. The defendant had agreed to plead guilty in that case in exchange for a sentence of time already served, but had left the upstate jurisdiction and been arrested for the instant crimes either before he entered his plea, or after pleading and before sentencing. In *People v Pavao* (59 NY2d 282) the Court of Appeals found that the trial court had properly exercised its discretion in permitting a prosecutor to cross-examine a defendant regarding crimes charged in a pending indictment. The pending upstate felony charge in the instant case, to which the defendant had either already pleaded guilty or had agreed to plead guilty, resembles the indictment in *Pavao,* and the trial court properly exercised its discretion in permitting limited inquiry into it.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.