■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 2, 1986, convicting him of robbery in the first degree, robbery in the second degree (three counts), assault in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On February 21, 1985, Police Officer John Druckman was on foot patrol in the vicinity of 59th Avenue and Queens Boulevard when he saw the defendant, with a handgun, running from a newsstand. Officer Druckman heard an unidentified bystander state that the defendant had a gun and had robbed the newsstand. The defendant, upon seeing the approaching

police officer, stopped, turned, and fled in the opposite direction. Officer Druckman gave chase while broadcasting a detailed description over his radio. When the defendant climbed a fence and dropped his gun, Officer Druckman stopped and retrieved the weapon.

Police Officer David Leonardi responded to the radio call and went to the vicinity of the line of pursuit. Within a few minutes, he observed the defendant, who was running and who matched the broadcast description, and apprehended him. A patdown of the defendant revealed $155 in one dollar bills and five dollar bills in his front pockets. The defendant stated that he had picked the money up after seeing a man, who was being chased, throw it to the ground.

We find that, based upon the totality of the circumstances, there was sufficient information to lead Officer Druckman to the conclusion that a crime had been committed and that the defendant was the perpetrator thereof (see, People v McKay, 124 AD2d 828, lv denied 69 NY2d 830). His personal observations established the necessary probable cause to arrest the defendant. Officer Leonardi was entitled to rely upon the information broadcast by his brother officer to effect the defendant's arrest (see, People v Lypka, 36 NY2d 210). Given the spatial and temporal proximity between the initial observations and pursuit and the subsequent apprehension of the defendant, whose appearance matched the detailed description provided, his arrest was clearly based upon probable cause (see, People v Zarzuela, 141 AD2d 788, lv denied 72 NY2d 927; see also, People v Blalock, 127 AD2d 603, lv denied 69 NY2d 1001).

The money recovered from the defendant was properly found to be admissible as the fruit of a search incident to a lawful arrest (see, People v Mercado, 117 AD2d 627). Furthermore, the defendant's spontaneous exculpatory statement made at the time of that search was also properly ruled to be admissible (see, People v Douglas, 138 AD2d 731, lv denied 72 NY2d 858).

We have reviewed the defendant's remaining contentions, including those raised in his pro se supplemental brief, and find them to be either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.