■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS TELLONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered April 13, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction was based upon his involvement in an altercation in a New Rochelle bar during the early morning hours of November 21, 1981. According to the evidence adduced at the trial, the defendant struck the complainant twice in the face with a glass. The glass broke on the first impact and when the complainant was struck the second time he sustained injury. Contrary to the defendant's position, this evidence was legally and factually sufficient to support the jury's finding that the defendant possessed the glass with the intent to use it unlawfully against another (Penal Law § 265.02 [1]; § 265.01 [2]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Additionally, contrary to the defendant's position, the trial court did not err in denying his request to adjourn the proceedings on the basis that his retained trial counsel was involved in another trial. It is well established that a defendant's constitutional right to be represented by counsel of his or her own choosing does not bestow upon the defendant the absolute right to unreasonably delay the trial while he or she selects another trial attorney (see, People v Arroyave, 49 NY2d

264, 267; *People v Gee,* 143 AD2d 1039, 1040; *People v Rascio,* 136 AD2d 575, 576). The record reflects that the defendant was granted an adjournment at a pretrial conference to obtain services of a new attorney because his then-current attorney was otherwise engaged in another proceeding. The defendant failed to do so, and instead, subsequently appeared in court with his retained counsel's associate. On the eve of trial, the defendant stated that he wished to retain new counsel because his retained counsel was still unavailable and he no longer wished to be represented by his retained counsel's associate. In denying the defendant's request, the trial court noted that the defendant had already been given a number of adjournments to retain new counsel. Additionally, the court noted that the rights of his codefendants as well as the People would be infringed upon by further delay in what was already an "exceptionally old" case. Based on these circumstances, we conclude that the trial court did not improvidently exercise its discretion in denying the defendant's request for an adjournment *(see, People v Arroyave,* 49 NY2d 264, 271, *supra).*

We also reject the defendant's contention that the jury verdict acquitting him of assault in the second degree and convicting him of criminal possession of a weapon in the third degree was repugnant. The court charged the jury that in order to find the defendant guilty of assault in the second degree, it must find that the defendant had the intent to cause physical injury. In order to convict him of criminal possession of a weapon in the third degree, however, the jury was only required to find that the defendant intended to use the glass unlawfully against the complainant. Therefore, viewing the evidence in light of the trial court's instructions as to the elements of each crime, the guilty verdict on the latter charge was not repugnant to the acquittal on the assault charge *(see, People v Tucker,* 55 NY2d 1; *People v Martino,* 112 AD2d 1049).

We have reviewed the defendant's remaining contentions and found them to be without merit. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.