■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENO GEE, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Vaughn, J.), dated March 29, 1988, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered November 18, 1985, convicting him of robbery in the first degree. By decision and order of this court dated October 31, 1988, the judgment was affirmed (People v Gee, 143 AD2d 1039).

Ordered that the order is affirmed.

The trial court did not improperly exercise its discretion in denying the defendant's CPL 440.10 motion without first conducting an evidentiary hearing. The defendant's allegations of coercion of the guilty plea and ineffective assistance of counsel during the plea proceedings is based upon affidavits from his former defense counsel to the effect that certain nonemergency medical treatment required by the defendant was delayed until the conclusion of the criminal proceedings. The state of the defendant's health and the medical treatment necessary to attend his condition were fully explored during the plea allocution and prior to sentencing. Thus, the defendant's showing did not raise a triable issue as to the validity of the judgment so as to require a hearing (see, CPL 440.30 [4] [d]; People v Brown, 56 NY2d 242, 247; People v Ford, 46 NY2d 1021, 1023; People v Session, 34 NY2d 254). Rather, the record demonstrates that the defendant entered his plea of guilty knowingly and voluntarily in order to reduce his sentencing exposure (see, People v Angelakos, 70 NY2d 670, 673). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.