■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK VILLANUEVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 31, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was represented at trial by a Legal Aid Society attorney. The defendant now claims that he was deprived of a fair trial because another Legal Aid Society attorney had previously represented the complainant in an unrelated trial. We disagree. The Legal Aid Society's prior representation of the complainant was, in and of itself, insufficient to establish a conflict of interest *(see, People v Wilkins,* 28 NY2d 53). The defendant has otherwise failed to substantiate his claim of a conflict of interest or demonstrate that he was prejudiced by the prior representation *(see, People v Perez,* 70 NY2d 773; *People v Liberty,* 147 AD2d 502).

The trial court did not err in permitting the People to recall a detective as a rebuttal witness. The defendant's statements to the detective were relevant to the crucial issue of justification, and, thus, did not concern a collateral matter *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047).

Nor do we find that the verdict was inconsistent. The jury found the defendant guilty of criminal possession of a weapon in the third degree but acquitted him of both criminal possession of a weapon in the second degree and assault in the second degree. Based upon the instructions given to the jury, the jury could have reasonably concluded that the defendant possessed the gun unlawfully but did not intend to use it

unlawfully against another (see, *People v Green*, 135 AD2d 565; *People v Tellone*, 155 AD2d 631).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.