■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID DAKIN, Appellant. [605 NYS2d 108] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered August 21, 1991, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly concluded that the defendant waived his right to be present at his trial, since the defendant had twice been informed that the court would proceed in his absence if he failed to appear (see, People v Sanchez, 65 NY2d 436; People v Parker, 57 NY2d 136). Moreover, the court did not improvidently exercise its discretion in proceeding in absentia, since it was apparent under the circumstances that the defendant did not intend to appear for trial (see, People v Parker, supra, at 142).

In addition, the court properly denied the defense counsel's request to withdraw from the case. Representation by the Legal Aid Society of both the defendant and a prosecution witness, either in the past or at the time of the defendant's trial, does not in itself deprive the defendant of effective representation (see, People v Wilkins, 28 NY2d 53, 55; People v Villanueva, 181 AD2d 702; People v Liberty, 147 AD2d 502, 503-504). The defendant has failed to demonstrate on this appeal that the alleged conflict of interest affected the conduct of the defense (see, People v McDonald, 68 NY2d 1, 8; People v Lombardo, 61 NY2d 97, 103; People v Villanueva, supra).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.