OPINION OF THE COURT
David J. Kirschner, J.
On October 17, 2016, defendant was charged with assault in the second degree (Penal Law § 120.05 [2], a class D felony); assault in the third degree (Penal Law § 120.00 [1], a misdemeanor); menacing in the second degree (Penal Law § 120.14 [1], a misdemeanor); criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2], a misdemeanor); menacing in the third degree (Penal Law § 120.15, a misdemeanor); and harassment in the second degree (Penal Law § 240.26 [1], a violation).[1]
*488 The People now move for defense counsel to be relieved on the grounds that counsel previously had represented the complaining witness in his criminal case, at the same time he represented defendant in this case. The People contend that this prior simultaneous representation presents a conflict of interest.
Defendant opposes. Defense counsel maintains that no conflict exists because the attorney from their organization who represents defendant did not and cannot obtain any confidential information about the complainant from their organization’s records and files on that case. Defense counsel further asserts that they represented the complainant only at arraignment, and when they learned of the dual representation, they were relieved at the next court date.
After a review of the moving and opposing papers, oral arguments, prior court proceedings, and papers on file with the court, the People’s motion is denied.
I. Background and Procedural History
On October 16, 2016, at approximately 1:00 p.m. in front of an address in Bronx County, defendant allegedly pushed Robert Smith and hit him in the back of the head with a wooden stick. As a result of defendant’s purported actions, Smith received two staples in the back of his head. The police arrested defendant and he was charged as stated.
On October 17, 2016, defendant was arraigned on the charges. Assigned counsel, The Bronx Defenders, by attorney Kinte Morgan, represented defendant. Defendant entered a plea of not guilty and was released on his own recognizance.
On January 24, 2017, Smith, the complaining witness in defendant’s case, was arrested and charged with assaulting his wife Indra Moreno on December 31, 2016, at the same address located in Bronx County. Assigned counsel, The Bronx Defenders, by attorney Malika Lubell-Doughtie, represented Smith at arraignment. The matter was adjourned to February 17, 2017.
On February 16, 2017, defendant’s case was scheduled before this court. Before the parties appeared that day, the People interviewed Smith. They learned about Smith’s pending criminal case and that The Bronx Defenders was representing him.
The People reported this simultaneous representation by The Bronx Defenders to the court and maintained that it was a conflict of interest. They sought to have The Bronx Defenders *489 relieved on defendant’s case and requested the opportunity to submit written papers on the request.
The Bronx Defenders, by attorney Karume James, opposed the request to be relieved and reported that his organization would immediately seek to be relieved from Smith’s case.
On February 17, 2017, The Bronx Defenders filed an application to be relieved as counsel for Smith. The application was granted.
On March 10, 2017, the People filed papers in support of their request for the court to relieve The Bronx Defenders from representing defendant. They claim The Bronx Defenders’ prior representation of Smith creates a conflict of interest in violation of defendant’s right to conflict-free representation pursuant to the Sixth Amendment of the United States Constitution. Specifically, they argue the past representation of Smith will restrict attorney Morgan from effectively cross-examining Smith in an effort to avoid the appearance of impropriety in how he obtained information against Smith. The People further claim such prior dual representation will cast doubt on the propriety of any potential conviction, and thus be grounds for reversal on appeal. They also argue the Rules of Professional Conduct require that The Bronx Defenders be relieved.
In papers dated April 26, 2017, defense counsel argues there is no conflict of interest because attorney Morgan did not obtain any confidential information about Smith from their organization’s records on Smith’s case. In addition, they argued any potential future conflict is ameliorated because, upon learning of the dual representation, they were promptly relieved from representing Smith and have maintained a separation of the cases.
In an affirmation, attorney Morgan stated that he does not have information regarding Smith’s case and never spoke to any of the attorneys at The Bronx Defenders about Smith or Smith’s case (affirmation of Kinte Morgan, dated Apr. 25, 2017 at 2). He further stated that the only information he has on Smith’s case was that The Bronx Defenders represented Smith on an unrelated domestic violence matter (affirmation of Morgan at 2). Attorney Morgan seeks to remain on defendant’s case because he has invested time and resources into this defense by investigating, interviewing witnesses, and regularly discussing this matter with him (affirmation of Morgan at 2).
On May 16, 2017, this court heard oral arguments on the matter. The People contend that because The Bronx Defenders *490 represented Smith at arraignment, they already possess personal information about him to which they otherwise would not have had access (8-9).[2] They argued such representation might restrict and limit The Bronx Defenders in their cross-examination of Smith in a self-imposed attempt to alleviate any doubt as to the manner in which they obtained information against Smith (6-8, 13). The People also contend that Smith’s case and defendant’s case are so intertwined that it constitutes a conflict of interest. Finally, the People argued the prior representation refutes The Bronx Defenders’ claim that their conflict protection protocol prevents a conflict of interest (9, 13).
The Bronx Defenders, for their part, stated they were relieved from representing Smith immediately upon learning of the dual representation. They asserted that, in any event, large public-defense organizations such as theirs may simultaneously represent two clients for a period of time. They maintained that where, as in this case, each client was represented by different lawyers from the organization in separate and unrelated matters, there is no conflict of interest (11, 16-17). The Bronx Defenders assured the court that Morgan did not and cannot obtain confidential information regarding Smith from their files (4, 10-13), and that an ethical wall of separation has been established between the cases within their organization (14). They argued that any information regarding Moreno was irrelevant because she was not represented by their organization and thus there is no attorney-client privilege protection (11).
II. Discussion
A defendant in a criminal case has the right to effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6). Effective assistance is representation that is reasonably competent, conflict-free, and single mindedly devoted to the client’s best interests (People v Ortiz, 76 NY2d 652, 656 [1990]). A defendant is denied the right to effective assistance of counsel when, absent inquiry by the court and informed consent of defendant, defense counsel represents interests which conflict with those of defendant (People v Mattison, 67 NY2d 462, 469-471 [1986]; People v Lombardo, 61 NY2d 97, 102-103 [1984]; People v Macerola, 47 NY2d 257, 264-265 [1979]).
*491 A conflict of interest may exist where defense counsel represents or has represented the complaining witness in a case against a defendant, even if on an unrelated charge (People v Mattison, 67 NY2d 462 [1986]). An attorney may retain a sense of loyalty to his prior client or may be bound by attorney-client privileged information which may limit the attorney’s ability to cross-examine that witness at defendant’s trial. Such limitation constitutes a conflict of interest (People v Lombardo, 61 NY2d at 102; People v Ortiz, 76 NY2d at 656; People v McDonald, 68 NY2d 1, 8 [1986]).
However, not every dual or prior representation of a defendant and a witness against him automatically constitutes a conflict of interest (People v Perez, 70 NY2d 773, 774 [1987]; People v Wilkins, 28 NY2d 53 [1971]). A private firm will have a conflict of interest with dual or prior representation of a client and a witness because the knowledge of information possessed by one firm member is imputed to all members. But this implied knowledge is not applicable to large public-defense organizations (People v Wilkins, 28 NY2d at 56). In this type of organization, information does not flow as freely and completely as it does in a private firm. Therefore, knowledge is not ascribed to each attorney throughout the large public-defense organization (id.).
For example, where a large public-defense organization represented the People’s witness at or prior to a defendant’s trial, it does not—in and of itself—establish a conflict of interest (People v Dakin, 199 AD2d 407 [2d Dept 1993]). Likewise, where a large public-defense organization previously represented the People’s chief witness and crime victim, this alone does not demonstrate a conflict (People v Villanueva, 181 AD2d 702 [2d Dept 1992]). Even where the attorney in a large public-defense organization reviewed the confidential file of another attorney within the organization on an unrelated criminal case regarding the People’s chief witness, it may not necessarily create a conflict (People v Perez, 70 NY2d at 774).
But if defense counsel finds that he has a conflict of interest in representing a defendant, counsel must alert defendant and the court, and obtain defendant’s informed consent to continue representation despite risks (People v Lloyd, 51 NY2d 107, 111 [1980]). Moreover, if the People become aware of a potential conflict, they, too, must alert the court (People v Mattison, 67 NY2d at 468-469). If a prior relationship between defense counsel and the People’s witness is shown, the court must *492 conduct a careful and thorough inquiry to determine whether an actual conflict exists (People v Smart, 96 NY2d 793, 795-796 [2001]). After the inquiry, it is within the sound discretion of the court to substitute or relieve an attorney on conflict grounds (People v Gomberg, 38 NY2d 307, 314 [1975]).
Applying these principles here, no conflict of interest has been established. As a threshold matter, the People appropriately and promptly notified the court and The Bronx Defenders that a potential conflict may exist because The Bronx Defenders simultaneously represented both defendant and Smith. The same attorney from The Bronx Defenders, however, did not represent both defendant and Smith. Rather, two separate lawyers provided assistance of counsel; attorney Morgan represented defendant in this case, and attorney Lubell-Doughtie represented Smith in his unrelated criminal case. And, while there was a period of dual representation, it was minimal and limited. The entirety of The Bronx Defenders’ representation of Smith was confined to arraignment. At arraignment, Smith’s case was adjourned to February 17, 2017. On that date—and within a day of learning of the overlapping representation by their organization—The Bronx Defenders sought to be removed from Smith’s case and were relieved from representing him.
Moreover, Morgan stated to the court that he never represented Smith or sought or received any information pertaining to The Bronx Defenders’ representation of Smith (affirmation of Kinte Morgan, dated Apr. 25, 2017 at 2). He reported that his knowledge was limited to the fact that at one point The Bronx Defenders represented Smith on a domestic violence case. Morgan affirmed that he has not discussed anything pertaining to Smith’s case with the attorney who represented Smith (id.).
Furthermore, during oral argument, The Bronx Defenders stated that Morgan cannot obtain confidential information regarding Smith because an ethical wall had been built between the cases (13-14). This court may, and does, give significant weight to the representations made by the attorneys from The Bronx Defenders, as each is an officer of the court (Gomberg, 38 NY2d at 314). Thus, after being notified about the potential conflict and The Bronx Defenders’ prompt relief from Smith’s case coupled with counsel’s affirmation that he does not possess information regarding Smith’s case and The Bronx Defenders’ assurances that an ethical wall is in place at *493 their organization to separate the two cases, no conflict of interest has been established. As such, the People’s assertion regarding reversal on appeal is meritless.
Regarding the People’s claim that attorney Morgan will be restricted in his cross-examination of Smith to avoid any appearance that he improperly obtained information about Smith, it is wholly speculative and meritless. There is nothing in the record and files of this case remotely suggesting that Morgan feels restricted or that his hands are tied in his representation of defendant. To the contrary, Morgan specifically expressed his desire to continue representing him. And, it appears that he is diligently working on defendant’s behalf. Morgan noted that he has investigated the case, interviewed witnesses, and frequently communicates with defendant. Thus, the People’s restriction claim is speculative, contradicted by the record, and meritless.
Similarly, meritless is the People’s contention that defendant’s case and Smith’s case are so intertwined that there must necessarily be a conflict. The two purported crimes are separate incidents. They involved two different defendants who committed separate and distinct acts, months apart. Moreover, the complainant in each is different. Simply put, the cases are separate and distinct.
Furthermore, the Rules of Professional Conduct do not require that The Bronx Defenders be relieved. Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9 governs conflicts of interest of counsel. If a defendant’s case relates to the same or a substantially-related matter as complainant’s case, there may be a conflict of interest (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9). A moving party seeking to disqualify an attorney must first establish the existence of a prior attorney-client relationship and that the former and current representation are both adverse and substantially related (Solow v Grace & Co., 83 NY2d 303, 306 [1994]). Here, as discussed, this case and Smith’s criminal matter are materially unrelated. There is no evidence indicating a link between the incidents. And, other than the parties, the People have not identified any issues from the past representation that are essentially or substantially the same as the present case. As such, the Rules of Professional Conduct do not warrant that The Bronx Defenders be relieved (rule 1.9).
Finally, this court notes that should it be later informed, or become aware of, facts from which it appears that conflicting *494 interests arguably exist, the trial judge shall conduct a record inquiry of the defendant whose representation is potentially conflict-ridden in order to ascertain whether he “has an awareness of the potential risks involved in that course and has knowingly chosen it” (McDonald, 68 NY2d 1, 8, quoting Gomberg, 38 NY2d 307, 313-314; Macerola, 47 NY2d 257, 263). To be sure, however, there is no indication at this time that attorney Morgan’s representation is conflicted; there is no reason, then, to conduct such an inquiry of defendant.
Accordingly, the People’s motion to relieve The Bronx Defenders is therefore denied. The Bronx Defenders are, however, ordered to maintain a wall of separation and continue to avoid the use of any confidential information with respect to Smith’s case.

. On December 20, 2016, the court granted the People’s request to dismiss the second-degree felony assault count.

. The numbers in parenthesis refer to the page numbers of minutes from the oral argument on May 16, 2017.