■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MILLAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 7, 1988, convicting him of reckless endan-

germent in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of reckless endangerment in the first degree based upon an incident in January 1987 when he fired a shotgun in the direction of a group of teen-agers on a street corner in Brooklyn. The defendant contends that the People failed to prove beyond a reasonable doubt that he was the shooter or that he acted with depraved indifference to human life (see, Penal Law § 120.25). We disagree.

The People's main witness, Edwin Detres, who knew the defendant, testified that he saw the defendant with a shotgun in front of a church where a party was being held. He further testified that the defendant was the only person at the scene that he saw in possession of a shotgun. The defendant made a threatening remark. Detres and others followed or chased the defendant and his friends down the street. The two groups then stationed themselves on opposite corners of Fourth Avenue. Shots were fired and Detres ran for cover. Detres admitted he did not actually see the defendant fire the gun; however, he did testify that he saw the gun in the defendant's hands just prior to the shooting. The defendant was arrested shortly thereafter, just two blocks from the scene of the shooting, after he was pointed out by Detres. A shotgun shell was found in his pocket. It was also established that the shots fired shattered a car windshield and a store window. Detres and his friends had been standing five feet from the car which was hit.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree and to establish beyond a reasonable doubt that the defendant was the shooter and that his conduct created a grave risk of death to another. When a conviction is based solely on circumstantial evidence, the conclusion of guilt must be consistent with and flow naturally from the proven facts, and those facts, viewed as a whole, must exclude " 'to a moral certainty' " every conclusion other than guilt (People v Kennedy, 47 NY2d 196, 202; People v Benzinger, 36 NY2d 29, 32). In this case, the evidence from which the inference of defendant's guilt is drawn, when perceived as a whole, overwhelmingly establishes his guilt, is inconsistent with his innocence, and excludes to a moral certainty every other reasonable hypothesis (see, People v

*Lewis,* 64 NY2d 1111; *People v Kennedy, supra; People v Benzinger, supra; People v Jimison,* 145 AD2d 648).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.