■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McKAY, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered February 22, 1988, which, after jury trial, convicted defendant of robbery in the second degree (Penal Law § 160.10 [1]) and sentenced him as a predicate felon to 6½ to 13 years' incarceration, unanimously affirmed.

This case involved a Times Square area mugging in which defendant and others accosted the victim and one of the men ripped off his gold chain. Defendant said to one of the perpetrators, "if homeboy doesn't want to give up his chains, hit him." That perpetrator immediately complied, hitting the victim on the neck with a stick. The victim fled into a store, and the perpetrators left as he called police. The victim saw defendant crossing the street to Bell Plaza. Police arrived immediately. The victim accompanied the officers into Bell Plaza, and identified defendant. Defendant's companion was identified by the victim only as a bystander who had not directly participated in the attack. Defendant's testimony was that he and two companions were running a three-card-monte game, as they usually did, and that the altercation happened to occur nearby. He denied any knowledge of, or involvement in, the altercation.

We are persuaded that under the standards set forth in *People v Bleakley* (69 NY2d 490), defendant's guilt was proved beyond a reasonable doubt and the evidence was legally sufficient. Competing inferences will not render the evidence insufficient *(People v Jackson,* 65 NY2d 265, 271).

Defendant's *Brady* and *Rosario* claims are unpreserved as a matter of law. Although defendant raised these claims in a collateral proceeding pursuant to CPL 440.10, defendant never appealed the ruling denying his motion to vacate the judgment, and may not now have that issue reviewed. Nor did

defendant preserve the *Brady* claim by appropriate objection during trial, by moving for a mistrial, by requesting a curative instruction, or otherwise providing the court with an opportunity to issue a ruling. Hence, the issue is not preserved. *(People v De Jesus,* 69 NY2d 855, 857; *People v Osuna,* 65 NY2d 822, 824.)

Even if we were to review, we would note that defendant's argument on appeal is entirely unpersuasive. Similarly, defendant's *Rosario* claim is meritless. If we were to review, we would note that the subject records were made available to defendant during trial and defendant does not contend that they were unavailable for cross-examination of the complainant, whose statements the records memorialized.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.