■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HICKEY, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 22, 1985, convicting him of robbery in the first degree under indictment No. 4545/83, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered May 20, 1985, convicting him of robbery in the second degree (two counts), upon severed counts of the same indictment, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

According to the indictment herein, on August 13, 1983, Denise Dunn, assisted by the defendant and William Liberty,

lured Thomas Hannan out of a bar and robbed him at gun and knifepoint (see, People v Liberty, 147 AD2d 502). In the course of the crime, the assailants also kicked Hannan in the head, rupturing his eardrum and rendering him unconscious. A few hours later, the defendant, Liberty and Dunn robbed, at knifepoint, Patrick and Diane Cavanaugh, a couple with whom they had been drinking at a nearby bar. The assailants stabbed Patrick Cavanaugh several times in the head when he resisted.

The charges pertaining to the robberies of Hannan and the Cavanaughs were severed and separate trials were held, resulting in the conviction of the defendant for the crimes of robbery in the first degree for the robbery of Hannan and robbery in the second degree (two counts) for the robberies of the Cavanaughs. On appeal the defendant initially contends that the verdict of guilt with respect to the Hannan robbery was against the weight of the evidence. The defendant's argument is without merit. Not only was the evidence legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620, 621), but, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). The victim's testimony was corroborated by his documented physical injuries, by his subsequent prompt identification of his assailants at the precinct, and by the finding of his wallet in the defendant's automobile, in which the three assailants had been riding.

Equally without merit is the defendant's contention that he was prejudiced by one police officer's testimony that he arrested the defendants for an "unrelated incident", as well as by another police officer's account that he vouchered a BB gun recovered from the defendant's vehicle. In both instances, the court issued prompt and careful curative instructions, thereby eliminating any potential for prejudice (see, People v Santiago, 52 NY2d 865; People v Baldo, 107 AD2d 751).

In his supplemental pro se brief, the defendant argues that the portion of the charge given at the trial pertaining to the complainant Hannan was unbalanced because the court instructed the jury that the testifying codefendant Liberty was an interested witness, without similarly mentioning that Hannan might also be an interested witness. We note that this claim is unpreserved for appellate review, since the defendant did not request such an instruction either before or after the charge (see, CPL 470.05 [2]; People v Smith, 134 AD2d 466; People v Rosado, 79 AD2d 666). In any event, the charge was

balanced and proper in that it advised the jurors that they could determine and consider the interest of *any* witness at the trial *(see, People v Suarez,* 125 AD2d 350). Moreover, it was entirely proper for the court to instruct the jury that the codefendant was an interested witness, without also charging that the People's witnesses were interested parties as a matter of law *(see, People v Hamma,* 130 AD2d 763).

Similarly without merit is the defendant's claim that the court erred during the trial involving the robbery of the complainants Cavanaugh in admitting evidence to the effect that the police had received reports that the defendant's red Dodge Charger had been observed careening about the neighborhood, striking various parked cars. This background information assisted the jury in understanding the officers' subsequent conduct in looking for and pursuing the defendant's vehicle *(see, People v Fay,* 85 AD2d 512). In addition, the court's careful limiting instruction appropriately emphasized that the testimony was not to be considered for its truth, but only to explain why the officers acted as they did.

The trial court in the Cavanaugh matter also properly refused to charge petit larceny as a lesser included offense of robbery in the second degree, since there was no reasonable view of the evidence that would have permitted the jury to conclude that the defendant and his accomplices intended to steal Diane Cavanaugh's pocketbook but did not commit robbery *(see,* CPL 300.50 [1]; *cf., People v Martin,* 59 NY2d 704; *People v Scarborough,* 49 NY2d 364).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.