■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUANA PERALTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered June 5, 1989, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the People committed a *Brady* violation *(see, Brady v Maryland,* 373 US 83, 87-88) when they delayed in turning over to the defense a purportedly exculpatory statement made by a nontestifying witness which was written on the back of a police report, has not been preserved for appellate review since no objection on this basis was made before the trial court *(see, People v McKay,* 162 AD2d 146).

Moreover, the defendant's contention that the court erred when it refused to charge the jury with respect to assault in the third degree as a lesser included offense of assault in the second degree is without merit. There is no reasonable view of the evidence presented at trial which would permit the jury to conclude that the defendant committed the lesser but not the greater offense *(see, People v Green,* 56 NY2d 427, 429-430). The evidence showed that the defendant either intended to cause or did, in fact, cause physical injury to the complainant with the use of a deadly weapon or dangerous instrument, namely, a knife *(see,* Penal Law § 120.05 [2] [assault in the second degree]).

The sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. In any event, any error was harmless beyond a reasonable doubt *(see, People v Whaley,* 144 AD2d 510; *People v Griffin,* 126 AD2d 743, 744; *People v Crimmins,* 36 NY2d 230). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.