■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM WALKER, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered on November 20, 1987, convicting defendant, after a jury trial of attempted murder in the second degree and assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of from 10 to 20 years and 7½ to 15 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, and bearing in mind that credibility is a matter to be determined by the trier of facts, we conclude that defendant's guilt of the crimes of which he was convicted was proven beyond a reasonable doubt *(People v Contes,* 60 NY2d 620), and that the verdict was supported by the weight of the evidence *(People v Bleakley,* 69 NY2d 490). We reject defendant's claim that the eyewitness's testimony was not credible or that there existed discrepancies and inconsistencies with respect to the testimony of the People's remaining witnesses, especially since these latter claims involve, for the most part, collateral matters. Additionally, we find that the element of intent to kill (Penal Law § 125.25), was established beyond a reasonable doubt, given that defendant fired his shotgun through a wooden panel next to the front door of the club at the same height as the victim's vital bodily organs, immediately after pointing the weapon at the complainant who then moved beyond the panel. *(People v Perez,* 64 NY2d 868.)

Defendant was not deprived of a fair trial merely because the court charged the jury that defendant was an interested witness. It is well settled that it is proper to charge defendant's obvious interest in the outcome of the case. *(People v Ochs,* 3 NY2d 54.) Moreover, the court's charge was, in any event, balanced and proper insofar as it advised the jury that it should consider the interests of all witnesses. *(People v Hickey,* 162 AD2d 708, *lv denied* 76 NY2d 858.)

Defendant has failed to demonstrate that the sentencing court committed an abuse of discretion. We have considered and rejected, to the extent preserved, defendant's *pro se* arguments, noting that there was insufficient evidence to establish a justification defense, since defendant had not availed himself of the opportunity to retreat (Penal Law § 35.15 [2] [a]). Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.