■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT OLDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 22, 1989, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of reckless endangerment in the first degree based upon an incident in February 1988, when he fired a gun in the direction of the complainant's car on 8th Avenue in Brooklyn. The defendant contends that the People failed to prove beyond a reasonable doubt that his conduct created a grave risk of death *(see,* Penal Law § 120.25). We disagree.

The complainant, Michael Pilote, testified that on Saturday, February 13th, 1988, at approximately 9:30 A.M., the defendant, an off-duty New York City Police Officer, confronted him about a parking ticket which the complainant, a Traffic Enforcement Agent, had just issued to the defendant's private vehicle. The defendant verbally abused the complainant for ticketing his vehicle. As the complainant drove his vehicle down 8th Avenue in Brooklyn away from the defendant, the complainant, in his rear view mirror, saw the defendant pull a gun out from under his jacket and aim the gun towards the complainant's retreating vehicle. The complainant then ducked down in his vehicle and heard a "pop noise" when he was approximately one to one-and-a-half blocks away from the defendant. The complainant then lost control of his vehicle and drove onto the sidewalk where he almost hit a pedestrian. An eyewitness to this shooting testified that after he saw the complainant's vehicle drive away down 8th Avenue, he saw the defendant run after the complainant's vehicle for a few feet. The witness then saw the defendant stop, reach into his pocket, take out an object, extend his arms straight in front of his body with his two hands together and take aim straight in front of him. The witness then heard a "pop" noise. Another witness testified that when he heard a noise that "sound[ed] like a shot", the complainant's vehicle was approximately one-half to a whole block away from the defendant. No bullet was recovered.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree and more specifically, to establish beyond a reasonable doubt that the defendant's conduct created a grave risk of death to the complainant *(see, People v Millan,* 155 AD2d 621; *People v Schoonmaker,* 103 AD2d 936; *cf., People v Sallitto,* 125 AD2d 345).

Contrary to the defendant's contention, we find that the court did not improvidently exercise its discretion in limiting the defendant's cross-examination of the complainant at trial *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *People v Hill,* 134 AD2d 520, 521). The defense failed to present the court with a sufficient offer of proof for this line of questioning which concerned matters collateral to the issues raised at trial *(see,* Richardson, Evidence § 498, at 483 [Prince 10th ed]).

Further, we find that the court delivered a balanced charge to the jury. The court properly charged that the defendant was an interested witness as a matter of law *(see, People v Ochs,* 3 NY2d 54, 56; *People v Agosto,* 73 NY2d 963, 967) and properly indicated that any other witnesses for either the prosecution or the defense could be an interested witness *(see, People v Suarez,* 125 AD2d 350; *cf., People v Astol,* 118 AD2d 578).

Finally, we find that the defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.