■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD HOLLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered August 14, 1990, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in limiting the cross-examination of the arresting officer *(see, People v Ayers,* 161 AD2d 770, 771). The defendant was allowed to explore the potential bias of the officer *(see, Davis v Alaska,* 415 US 308), and was limited only to the extent that the trial court found the questions to be repetitious in nature.

The defendant's claim that the interested witness charge was imbalanced is unpreserved for appellate review since the defendant voiced no protest to the charge actually given *(see, People v Hoke,* 62 NY2d 1022, 1023; *People v McLaughlin,* 104 AD2d 829, 830). In any event, the charge was properly balanced. The court gave a general interested witness charge, and charged that the defendant was interested as a matter of law *(see, People v Ochs,* 3 NY2d 54, 56; *People v Stokes,* 117 AD2d 693, 694). Although the court did not charge the jury that the police officers testifying on behalf of the prosecution were interested as a matter of law, there is no requirement that a trial court do so *(see, People v Suarez,* 125 AD2d 350; *People v Melvin,* 128 AD2d 647). The jury was properly advised to examine the testimony of the police officers using the same credibility tests as with any other witness, thus balancing the charge to the requisite degree *(see, People v Olden,* 173 AD2d 867, 868; *People v Walker,* 170 AD2d 362, 363). Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.