■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRANT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered November 13, 1990, convicting him of murder in the second degree and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial, claiming that the prosecutor cross-examined him improperly. He argues that the prosecutor lacked a good faith basis to ask certain questions, which, notwithstanding the defendant's negative responses, implied that he had been observed by two witnesses near the scene of the crime. One of these witnesses, neither of whom testified at trial, reportedly told police that a man matching the defendant's general description had purchased gasoline in a plastic container moments before the fatal fire the defendant allegedly set. The defendant argues that the prosecutor's questioning improperly permitted the jury to infer that the defendant was the individual who purchased gasoline, notwithstanding the witness's inability to make a positive identification. However, by failing to raise a contemporaneous objection to this line of questioning at a time when the court could have given an appropriate instruction reiterating its previous preliminary instruction that questions alone are not evidence, the defendant failed to preserve this issue for appellate review (CPL 470.05). In any event, contrary to the defendant's contentions, the record supports the trial court's determination that the prosecutor "adequately demonstrated his good faith and possessed a sufficient basis for asking the challenged question[s]" (People v Kass, 25 NY2d 123, 126; see also, People v Sealy, 167 AD2d 362, 363).

The questions posed concerning the gasoline station attendant were predicated upon a police report reciting the attendant's recollections that a man matching the defendant's description had purchased gasoline in an anti-freeze container near the scene of the fire shortly before the conflagration erupted. Likewise, a police report also indicated that the

defendant was acquainted with a local livery cab driver and thus, a good faith basis existed for the prosecutor's questioning concerning an alleged encounter between the defendant and this driver following the fire.

Similarly, there is no merit to the defendant's claim that the court failed to deliver a balanced interested witness charge. The contention that the defendant was "singled out" as the only witness interested as a matter of law was not raised before the trial court and is thus unpreserved for appellate review (CPL 470.05 [2]). In any event, the court properly instructed the jury that the defendant was an interested witness as a matter of law and that the jury was free to find, as a matter of fact, that any other prosecution witnesses were also interested witnesses (see, People v Suarez, 125 AD2d 350; 1 CJI[NY] 7.03, at 269-270).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.