■ The People of the State of New York, Respondent, v Michael Bowden, Appellant. [603 NYS2d 448] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered April 25, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

While defendant's challenge to the court's interested wit-

ness charge is preserved, the charge did not deprive him of due process by singling him out as an interested witness as a matter of law without balancing language indicating the potential interest of the prosecution's witnesses.

It has been repeatedly held that the standard interested witness instruction that was given here, which instructs that the defendant is an interested witness as a matter of law and that the jury is free to find, as a matter of fact, that any of the prosecution's witnesses are also interested witnesses, is properly balanced *(People v Agosto,* 73 NY2d 963, 967; *see also, e.g., People v Pizarro,* 190 AD2d 634, *lv denied* 81 NY2d 1018; *People v Grant,* 186 AD2d 267, *lv denied* 81 NY2d 762; *People v Holly,* 184 AD2d 581, *lv denied* 80 NY2d 904; *People v Suarez,* 125 AD2d 350, *lv denied* 69 NY2d 750).

The trial court delivered a charge that was scrupulous in apprising the jury of its role as the ultimate finder of the facts, and provided full and correct instructions relating to interested witnesses, both as to the testimony offered by defendant and that of the prosecution's witnesses. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.