◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERIE McCRAY, Appellant. [614 NYS2d 166] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered September 14, 1992, convicting her of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal posses-

sion of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal possession of a controlled substance in the seventh degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, we find that the trial court's polling of the jury was a proper exercise of its discretion, as it merely provided a meaningful response to the jury's request *(see, e.g., People v Agosto,* 73 NY2d 963; *People v Gadson,* 161 AD2d 795; *People v Carrero,* 140 AD2d 533). Further, the trial court's interested witness charge was balanced. It is well settled that where, as here, the defendant testifies at the trial, it is proper for the court to charge the jury that the defendant was an interested witness *(see, People v Agosto, supra; People v Ochs,* 3 NY2d 54). The charge was balanced insofar as the court instructed the jury that it was free to find, as a matter of fact, that any witnesses, including the prosecution's witness, were also interested witnesses *(see, People v Grant,* 186 AD2d 267; *People v Olden,* 173 AD2d 867; *People v Luberoff,* 150 AD2d 802). Moreover, there is no requirement that the trial court instruct the jury that the prosecution's police witnesses are interested witnesses as a matter of law *(see, People v Holly,* 184 AD2d 581; *People v Suarez,* 125 AD2d 350).

As the People correctly concede, criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree *(see, People v Bell,* 184 AD2d 774; *People v Perez,* 154 AD2d 406; *People v McBee,* 143 AD2d 773). Therefore, the defendant's convictions of criminal possession of a controlled substance in the seventh degree (two counts) are dismissed *(see,* CPL 300.40 [3] [b]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Acosta,* 182 AD2d 768), or without merit. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.