■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HICKS, Appellant. [641 NYS2d 10] —Judgment, Supreme Court, New York County (James Leff, J.), rendered June 9, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years and 5 to 10 years, respectively, unanimously affirmed.

Although in describing the defense witnesses, but not the prosecution's witnesses, as "interested," the trial court's interested witness charge failed to achieve the appropriate balance (cf., People v Bowden, 198 AD2d 39), any error was harmless in light of the permissive nature of the charge, the repeated attacks on the bias of the prosecution's witnesses by defense counsel, and the overwhelming evidence, including medical testimony, refuting defendant's justification defense in the shooting of his brother.

The court was not required, in response to a jury note asking whether defendant made any statements to the police, to grant defendant's requested charge that no adverse inference could be drawn based on defendant's post-arrest silence. There was no evidence that defendant did or did not make a statement upon his arrest, and thus, no issue as to defendant's post-arrest silence was placed before the jury (see, People v Murphy, 179 AD2d 559, lv denied 79 NY2d 951; cf., People v Cassas, 84 NY2d 718).

Defendant has failed to preserve the claim that he was

prejudiced by the admission of uncharged crimes testimony, since he failed to object when the testimony was admitted (*see, People v Bosa*, 214 AD2d 328), and we decline to review it in the interest of justice. Additionally, the prosecutor's cross-examination of defendant's prior use of a gun, the subject of which was previously excluded at a *Sandoval* hearing, was permissible since defendant opened the door to this testimony by denying his extensive criminal record and by suggesting that he was unfamiliar with guns (*see, People v Fardan*, 82 NY2d 638, 646). Neither defense counsel's failure to object, nor his involvement in opening the door to such testimony on cross-examination, by themselves, deprived defendant of meaningful representation (*People v Baldi*, 54 NY2d 137).

We have examined defendant's remaining contentions, including his claim that the sentence is excessive, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.