■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSÉ BATISTA, Appellant. [650 NYS2d 103] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered July 26, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

It was proper to allow the arresting officer to testify that he arrested defendant "because there was a certain description" and defendant was wearing a jacket like "what the undercover described to us". Such testimony was admissible "to demonstrate the basis for the backup officer's appearance on the scene and arrest of the particular person described" (*People v Candelario*, 156 AD2d 191, *lv denied* 75 NY2d 964) and "to provide a necessary explanation of the events which precipitated defendant's arrest" (*People v Hynes*, 193 AD2d 516, *lv denied* 82 NY2d 755). The court properly exercised its discretion in limiting the cross-examination of the arresting officer with respect to the details of an unrelated arrest (*see, People v Sorge*, 301 NY 198, 201-202).

The failure to make a "request [for] specific relief" concerning the prosecutor's failure to disclose documents renders defendant's *Rosario* claim unpreserved (*People v Rivera*, 78 NY2d 901, 903; *see also, People v Rogelio*, 79 NY2d 843). In any

event, it cannot be ascertained from the record whether the documents at issue were "made by" (CPL 240.45 [1] [a]) the witness in question, the arresting officer, and even assuming they were, the three documents which defendant did not receive did not relate to the subject matter of that officer's direct testimony (*see, People v Stern*, 226 AD2d 238, *lv denied* 88 NY2d 969). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.