■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BASKERVILLE, Appellant. [650 NYS2d 677] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered November 21, 1990, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree and robbery in the second degree, and sentencing him to concurrent terms of 16 years to life, 7 to 21 years and 5 to

15 years, respectively, and order of the same court and Justice, entered December 22, 1993, which denied defendant's motion to vacate the judgment of conviction, unanimously affirmed.

The prosecutor did not violate any duty under *Brady v Maryland* (373 US 83), since he had made no promises to the witness McCloud in exchange for his trial testimony. Defendant's attorney's examination of the witness, as to any agreements reached with the prosecution, clearly pertained to procurement of such trial testimony, not to any agreements reached to procure the witness's Grand Jury testimony. Therefore, there were no misstatements by the witness concerning the nature of promises made to him and nothing for the prosecutor to correct (*cf., People v Novoa*, 70 NY2d 490). Defendant's additional contention that the prosecutor violated a *Brady* obligation by failing to disclose the names of witnesses with whom agreements had been reached to secure their Grand Jury testimony has not been preserved for appellate review (CPL 470.05 [2]; *People v Peralta*, 168 AD2d 466). The prosecutor did disclose that he had reached agreements with two Grand Jury witnesses and the nature of the agreements in response to defendant's omnibus motion. Defense counsel did not request further information with respect to the identity of such witnesses until after defendant was sentenced. In any event, any error in failing to disclose the names of the witnesses was harmless, since there was no reasonable possibility that the failure to disclose the allegedly exculpatory material contributed to the verdict (*see, People v Wright*, 86 NY2d 591, 596-597, citing *People v Vilardi*, 76 NY2d 67).

The defendant was not deprived of the effective assistance of counsel in the trial court. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.