■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ZAPATA, Appellant. [652 NYS2d 537] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered November 17, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of criminal sale of a controlled substance in the third degree, under an acting-in-concert theory (*see, People v Manini,* 79 NY2d 561; *People v Kaplan,* 76 NY2d 140), and that he was in constructive possession of a quantity of cocaine and of a weapon seized at the scene of the crimes (*see, People v Pearson,* 75 NY2d 1001; *People v Johnson,* 209 AD2d 721). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, as the People concede, the defendant's conviction on the charge of criminal possession of a controlled substance in the seventh degree must be vacated and the count of the indictment charging that crime must be dismissed, as it is a lesser-included offense of criminal possession of a controlled substance in the third degree (*see, People v McCray,* 204 AD2d 490; CPL 300.40 [3] [b]). The remaining sentences imposed were neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.