THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN RUMPH, Appellant. [653 NYS2d 103] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered February 1, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of $2^1/_3$ to 7 years, unanimously affirmed.

While the court's instruction improperly singled out a defense witness as "interested", the error was harmless in light of the permissive nature of the charge, and the marginal value of the witness's testimony (*see, People v Hicks*, 226 AD2d 189, *lv denied* 88 NY2d 966).

Defense counsel's general objection to the officer's testimony that he had chased defendant's car the previous evening was insufficient to preserve his present claim regarding the errone-

ous admission of evidence of uncharged crimes (*see, People v Guerrero*, 191 AD2d 251, *lv denied* 81 NY2d 1014), and we decline to review in the interest of justice. Were we to review the present claim, we would find that the testimony was admissible as necessary background material to explain the circumstances surrounding the pursuit and arrest of defendant (*see, People v Gines*, 36 NY2d 932; *People v Enoch*, 221 AD2d 253, *lv denied* 88 NY2d 965).

The court's statements on the record during the sentencing proceeding clearly refute defendant's claims that he was punished for exercising his right to a trial, or for maintaining his innocence in his interview with the Probation Department. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.