■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN SMITH, Appellant. [653 NYS2d 931] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 4, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the court erred when it refused to charge the jury with respect to assault in the third degree as a lesser-included offense of assault in the second degree. There is no reasonable view of the evidence presented at trial which would have permitted the jury to conclude that the defendant committed the lesser but

not the greater offense *(see, People v Green,* 56 NY2d 427, 429-430; *People v Peralta,* 168 AD2d 466). The evidence showed that the defendant either intended to cause or did, in fact, cause physical injury to the complainant with the use of a deadly weapon or dangerous instrument, namely, a razor *(see,* Penal Law § 120.05 [2]; *see also, People v Peralta, supra).*

Further, it is well settled that where, as here, the defendant testifies at trial, it is proper for the court to charge the jury that the defendant is an interested witness *(see, People v Agosto,* 73 NY2d 963; *People v Ochs,* 3 NY2d 54; *People v McCray,* 204 AD2d 490, 491). The interested witness charge was balanced inasmuch as the court instructed the jury that it was free to find, as a matter of fact, that any witnesses, including those testifying for the prosecution, were also interested witnesses *(see, People v McCray, supra,* at 491; *People v Grant,* 186 AD2d 267; *People v Olden,* 173 AD2d 867; *People v Luberoff,* 150 AD2d 802).

Further, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, the jury verdict finding the defendant guilty of assault in the second degree and not guilty of criminal possession of a weapon in the fourth degree was not repugnant. Viewing the elements of the crime as charged to the jury *(see, People v Tucker,* 55 NY2d 1, 7), we find that the jury may have found that the defendant initially possessed the weapon without any intent to use it unlawfully *(see, People v Haymes,* 34 NY2d 639, 640, *cert denied* 419 US 1003; *People v Cabrera,* 221 AD2d 461; *People v Hudson,* 163 AD2d 418, 419; *People v Garcia,* 72 AD2d 356, 361, *affd* 52 NY2d 716).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.