■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JACKSON, Appellant. [654 NYS2d 691] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lisa, J.), rendered March 21, 1995, convicting him of criminal mischief in the second degree and criminal tampering in the third degree, upon a jury verdict, and imposing sentence. Ordered that the judgment is affirmed. The Supreme Court conducted an appropriate inquiry and properly denied the defendant's request for new counsel (*see, People v Sides*, 75 NY2d 822, 824; *People v Medina*, 44 NY2d 199, 207-208; *People v Rua*, 198 AD2d 311, 312; *People v Bailey*, 224 AD2d 435; *People v Maldonado*, 178 AD2d 554, 555).

The defendant knowingly, voluntarily, and intelligently waived his right to be present when challenges were made in the robing room regarding prospective jurors (*see, People v Reynoso*, 231 AD2d 592). Moreover, the defendant was present during the voir dire, including sidebar discussions, and all of the

challenges to prospective jurors were exercised and recorded in open court. Accordingly, there was no violation of the defendant's right to be present during the material stages of trial (*see, People v Antommarchi,* 80 NY2d 247, 250; *People v Velasco,* 77 NY2d 469, 473; *People v Harris,* 212 AD2d 631, 632).

The defendant failed to preserve for appellate review his claims of *Rosario* and *Brady* violations (*see, People v Graves,* 85 NY2d 1024, 1027; *People v Rogelio,* 79 NY2d 843, 844; *People v Batista,* 233 AD2d 195; *People v Peralta,* 168 AD2d 466; *People v McKay,* 162 AD2d 146, 147).

The Supreme Court properly ruled, inferentially, that the defendant failed to make a prima facie showing of a *Batson* violation (*see, People v Hameed,* 88 NY2d 232, 236-237, *cert denied* — US —, 117 S Ct 704; *People v Payne,* 88 NY2d 172; *People v Childress,* 81 NY2d 263, 265-266; *People v Bolling,* 79 NY2d 317, 323-324).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.