■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASSIR AHMED, Appellant. [664 NYS2d 317] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 20, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the prosecutor's failure to inform him of the inconsistency between the medical examiner's report and the autopsy report deprived him of a fair trial (*see, People v Peralta,* 168 AD2d 466; *see also, People v McKay,* 162 AD2d 146). In any event, we find that there was no *Brady* violation (*see, Brady v Maryland,* 373 US 83). It is axiomatic that a prosecutor is under a duty to turn over, upon the request of defense counsel, evidence favorable to the accused (*see, Brady v Maryland, supra*). However, evidence is not deemed to be *Brady* material when the defendant has knowledge of it or is in possession of it (*see, People v Fein,* 18 NY2d 162; *People v LaRocca,* 172 AD2d 628). Here, the record establishes that the defense counsel was in possession of the autopsy report and the medical examiner's notes prior to trial. In addition, while the People have a duty to disclose exculpatory material in their control, a defendant's constitutional right to a fair trial is not violated when, as in the present case, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case (*see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555, 559).

The sentence was not excessive (*People v Suitte,* 90 AD2d 80, 85-86). Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.