■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HIGGS, Appellant. [672 NYS2d 61] —Judgment, Supreme Court, New York County (Renee White, J.), rendered August 25, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3 to 6 years, respectively, unanimously affirmed.

The court provided appropriate remedies when defendant inadvertently elicited, on cross-examination of a police witness, a statement by defendant that was less exculpatory than expected. An officer who responded to the scene of the shooting testified at trial that defendant said he did not mean to shoot at another police officer. This testimony varied from the statement summarized in the People's voluntary disclosure form, to wit, that defendant fired into the air and did not shoot at the officer. In the first place, we reject defendant's claim that the People violated their disclosure obligations under CPL 240.20 (1) (a). The People, acting in good faith (*see, People v Bunting*, 178 AD2d 288, *lv denied* 79 NY2d 944), provided proper notice of defendant's statement as it was recollected by the police at the time the statement was prepared, and chose not to elicit any form of statement by defendant. The court properly denied defendant's applications to strike the testimony or to instruct the jury of the inconsistency with the voluntary disclosure form. Defendant's appellate claim that the court failed to take any corrective action is belied by the record, which reflects that although given an opportunity to call a witness to contradict the testifying officer's testimony, defendant failed to do so. Moreover, defendant was not prejudiced since he was able to elicit testimony consistent with the statement notice from a sergeant who also responded to the scene shortly after the shooting.

Defendant's contention that police testimony and 911 tapes introduced into evidence improperly suggested that he was involved in a peripherally related robbery is unpreserved for appellate review (*People v Rumph*, 235 AD2d 260, *lv denied* 89 NY2d 1015), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence in question was admissible to prove that the officer was acting in his official capacity at the time of the shooting, thus satisfying an element of the attempted first degree mur-

der charge (*People v Heine*, 238 AD2d 212, *lv denied* 90 NY2d 905) and as background information (*People v Rumph, supra*).

Defendant was not deprived of his right to present a defense when the court precluded him from asking a police witness whether complaints had been filed against him with the Civilian Complaint Review Board, where the court permitted defendant to cross-examine the witness about the underlying facts of these complaints.

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Tom and Andrias, JJ.