■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONY LEO, True Name MENUIN HART, Appellant. [673 NYS2d 70] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered September 7, 1995, convicting defendant, after a jury trial, of robbery in the first degree, attempted aggravated assault upon a police officer or peace officer, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, and sentencing him, as a second violent felony offender, to a term of 9 to 18 years, three terms of 7½ to 15 years, and a term of 3½ to 7 years, all sentences to run concurrently, respectively, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror, since the totality of the juror's responses established that she could render an impartial verdict based on the evidence (*see,* CPL 270.20 [1] [b]; *People v Burts,* 237 AD2d 155, *lv denied* 90 NY2d 856).

The court's inquiry of a juror and of correction officers concerning defendant's allegations of juror misconduct demonstrate that the incident complained of was trivial and innocuous and that no juror misconduct had occurred (*see, People v Buford,* 69 NY2d 290, 299; *People v Moreno,* 244 AD2d 280; *People v Gonzalez,* 232 AD2d 204, *lv denied* 89 NY2d 923). As a result, there was no need to call other witnesses on this issue.

We find no *Rosario* violation with respect to Federal documents. Defendant received all the *Rosario* material made available by the Federal agency, and this material was, in any event, all the Federal *Rosario* material known to exist. Contrary to defendant's claim, the People were not in control of the Federal file, and there is no evidence of a joint investigation between the People and the Federal authorities (*see, People v Frazier,* 233 AD2d 896, 897; *People v Ortiz,* 209 AD2d 332, *lv denied* 86 NY2d 739; *see also, United States v Paternina-Vergara,* 749 F2d 993, 998, *cert denied sub nom. Carter v United States,* 469 US 1217). Moreover, defendant failed to articulate a sufficient factual basis for his assertion that other *Rosario* material existed in that file. Accordingly, the court was not required to conduct a review of that Federal file.

Defendant's claim of substantial prejudice stemming from the People's delays in disclosure of various *Rosario* documents is not supported by the record (*see, People v Ranghelle,* 69 NY2d 56, 63; *People v Iglesias,* 184 AD2d 432, *lv denied* 80 NY2d 930).

While the trial court's interested witness charge was unbalanced, any error was harmless in light of the permissive nature of the charge, the repeated attacks by the defense on the People's witnesses, and the overwhelming evidence of guilt (*see, People v Hicks,* 226 AD2d 189, *lv denied* 88 NY2d 966).

Defendant voluntarily waived his right to be present during the Friday morning of jury deliberations (*see, People v Spotford,* 85 NY2d 593, 597-598). Under all the circumstances, we find that this waiver was not the product of a violation of defendant's right to free exercise of religion. Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.