■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANCY WILLIAMS, Appellant. [917 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered April 15, 2009, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his prearrest statement to police.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to dismiss his prearrest statement to the police. According to the hearing testimony of one of the two arresting officers, which the court properly found to be credible (*see People v Tandle*, 71 AD3d 1176, 1178 [2010]; *People v Jackson*, 65 AD3d 1164, 1165 [2009]; *People v Martinez*, 58 AD3d 870, 870-871 [2009]), the defendant committed a series of traffic violations, which led the officers to follow his vehicle and run the license plate number through their computer. Upon learning that the license plate was not assigned to the vehicle, and after the defendant continued to commit traffic violations, the officers initiated a stop. What ensued was a "temporary roadside detention pursuant to a routine traffic stop," which is "not custodial within the meaning of *Miranda* [*v Arizona*, 384 US 436 (1966)]" (*People v Myers*, 1 AD3d 382, 383 [2003]; *see Pennsylvania v Bruder*, 488 US 9, 11 [1988]; *People v Parris*, 26 AD3d 393, 394-395 [2006]; *People v Hasenflue*, 252 AD2d 829, 830 [1998]).

Additionally, contrary to the defendant's contention, the arresting officer's question as to who was the owner of the vehicle was no more than "reasonable initial interrogation attendant" to the traffic stop, and was "merely investigatory" (*People v Mathis*, 136 AD2d 746, 748 [1988]).

Contrary to the People's contention, the defendant's contention that the trial court should have delivered interested witness instructions regarding the prosecution witnesses is preserved for appellate review (*see People v Gray*, 86 NY2d 10, 20-21 [1995]). However, there is no merit to the defendant's arguments on this issue. First, "where, as here, the defendant testifies at the trial, it is proper for the court to charge the jury that the defendant was an interested witness [as a matter of law]" (*People v McCray*, 204 AD2d 490, 491 [1994]; *see People v Agosto*, 73 NY2d 963, 967 [1989]). Moreover, where such a charge is given, if the court also gives a general interested witness charge to the jury, the overall charge is sufficiently balanced (*see People v McCray*, 204 AD2d at 491; *People v Hernandez*, 11 AD3d 479, 480 [2004]; *People v Holly*, 184 AD2d 581 [1992]). Here, where the court instructed the jury that, in assessing witness credibility, it could consider "whether a witness has any interest in the outcome of the case, or instead whether the witness has no such interest," or whether the witness had "a bias, hostility, or some other attitude that affected the truthfulness of the witness's testimony," the charge was properly balanced (*see People v McCray*, 204 AD2d at 491; *People v Hernandez*, 11 AD3d at 480; *People v Holly*, 184 AD2d 581 [1992]). Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.