NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2089-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MARTIN L. BASKERVILLE,

 Defendant-Appellant.
__________________________

 Submitted October 18, 2017 – Decided November 15, 2017

 Before Judges Koblitz and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 88-04-0524.

 Nancy C. Ferro, attorney for appellant (Ms.
 Ferro, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Ian C. Kennedy,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Martin L. Baskerville appeals from an November 2,

2015 order awarding him, with the consent of the State, 1,693 days

of credit on his 1993 conviction for the 1987 crimes of first-
degree armed robbery, N.J.S.A. 2C:15-1, fourth-degree aggravated

assault on a police officer, N.J.S.A. 2C:12-1(b)(5)(a), and

fourth-degree resisting arrest, N.J.S.A. 2C:29-2. He appeals from

the denial of his request for a reduced sentence. We affirm.

 In between his arrest and his trial on the New Jersey charges,

defendant was convicted of murder in New York State. After his

New Jersey trial, he was sentenced to twenty years in prison

consecutive to the lengthy sentence imposed in New York. Defendant

unsuccessfully appealed his New York conviction, People v.

Baskerville, 234 A.D.2d 35 (N.Y. App. Div. 1996), and appealed his

conviction in New Jersey as well. See State v. Baskerville, Nos.

A-5050-11, A-2151-12 (App. Div. Oct. 23, 2014) (slip op. at 1-3)

(containing a history of defendant's prior New Jersey litigation)

(certif. denied, 223 N.J. 271 (2015)).

 On this appeal, defendant argues:

 THE TRIAL COURT ERRED IN REFUSING TO GRANT
 DEFENDANT'S APPLICATION TO RECONSIDER
 DEFENDANT'S SENTENCE AND RE-SENTENCE HIM TO
 THE PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN
 THE SENTENCE CONCURRENT TO HIS NEW YORK
 SENTENCE TO CORRECT THE GRAVE INJUSTICES WHICH
 HAVE BEEN INFLICTED ON DEFENDANT.

 Defendant argues that because he was given jail credit in New

Jersey for the day that the New York murder was committed, and is

therefore not guilty of the New York murder, New Jersey should

equitably change his sentence to allow his immediate release. We

 2 A-2089-15T2
have previously determined that defendant's application for a

concurrent sentence was without sufficient merit to warrant

discussion in a written opinion, pursuant to Rule 2:11-3(e)(2).

Id. at 4.

 Defendant maintains that New York was unwilling to accept the

documentation of defendant's incarceration in New Jersey. New

Jersey has no jurisdiction to review a New York conviction, nor

does defendant point to legal authority for modifying a sentence

imposed more than twenty years ago "in the interest of justice"

due to a purportedly wrongful conviction in another jurisdiction.

 Affirmed.

 3 A-2089-15T2