The People of the State of New York, Respondent,
against
Freddy Ortega-Flores, Appellant. 

Legal Aid Society of Westchester County (Debra A. Cassidy of counsel), for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Town of Cortlandt, Westchester County (Gerald M. Klein, J.), rendered September 25, 2017. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (common law), and imposed sentence. The appeal brings up for review an order of that court dated July 31, 2017 denying defendant's motion to suppress evidence.
ORDERED that the judgment of conviction is affirmed.
Defendant was charged in six simplified traffic informations with, respectively, driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), refusal to take a breath test (Vehicle and Traffic Law § 1194 [1] [b]), driving across official markings (Vehicle and Traffic Law § 1227 [1]), consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1128 [d]), failing to keep right (Vehicle and Traffic Law § 1120 [a]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]).
Defendant moved to suppress noticed statements and his refusal to submit to chemical [*2]breath testing. At a hearing on defendant's motion, in which defendant had the assistance of a Spanish interpreter, a state trooper testified that she and her partner had effected a traffic stop of a vehicle driven by defendant after having observing it swerve, approximately four times, into a lane for oncoming traffic. The trooper saw multiple, partially consumed bottles of beer in the vehicle, and observed that defendant had droopy, bloodshot, watery eyes, had a strong odor of alcohol coming from his breath and had to balance himself while exiting his vehicle. When the trooper asked defendant for his driver's license, defendant instead presented his Mexican consular identification card. Throughout their interaction, the trooper spoke only in English, and defendant responded solely in English, which responses the trooper fully comprehended. In particular, when the trooper, as part of her prearrest investigation, asked defendant whether he had been drinking, he responded, "No, no. I don't drink nothing. My friends were drinking." 
Defendant failed each of three field sobriety tests. He consented to a preliminary breath test (PBT), during which, the trooper testified, her partner had told defendant to "blow" in Spanish. Defendant's blood alcohol content was twice the legal limit. The trooper then arrested defendant for driving while intoxicated. She then read defendant his Miranda (Miranda v Arizona, 384 US 436 [1966]) rights and the refusal warnings, both in English. On three separate occasions, defendant refused chemical testing of his breath.
In an order dated July 31, 2017, the Justice Court denied defendant's motion to suppress his noticed statement and refusal. On August 21, 2017, defendant pleaded guilty to driving while intoxicated (common law), with the assistance of a Spanish interpreter. Immediately prior to so pleading, defendant signed a waiver of right to appeal form. His plea was accepted by the court, and, on September 25, 2017, he was sentenced in accordance with the plea agreement.
We agree with defendant that his waiver of his right to appeal was not knowing, voluntary and intelligent. Both the prosecutor, who conducted the plea allocution, and the court "failed to advise the defendant that he would ordinarily retain the right to appeal even after pleading guilty, but that in this case he was being asked to voluntarily relinquish that right as a condition of the plea agreement"(People v Mojica, 178 AD3d 856, 856-857 [2019]). As such, the transcript "does not demonstrate that the defendant understood the nature of the right he was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty" (People v Harris, 175 AD3d 1555, 1557 [2019]). 
Although defendant signed a written waiver of his right to appeal, it, too, failed to distinguish correctly between those appellate rights he would be required to waive as a condition of the plea deal, and those appellate rights he would retain. Rather, the written waiver, by stating that defendant was required to agree that his "conviction and sentence will not be reviewed by a higher court and will become final," created the incorrect impression that this appellate waiver was absolute. In reality, "while the phrase 'waiver of the right to appeal' is a 'useful shorthand' . . . , the term 'can misleadingly suggest a monolithic end to all appellate rights [when i]n fact . . . no appeal waiver serves as an absolute bar to all appellate claims' " (People v Thomas, __ NY3d __, 2019 NY Slip Op 08545, *4 [2019], quoting Garza v Idaho, 586 US __, 139 S Ct 738, 744 [*3][2019]), including some claims pertaining to the conviction and sentence, e.g., "the constitutionally protected right to a speedy trial, challenges to the legality of court- imposed sentences, and questions as to the defendant's competency" (People v Callahan, 80 NY2d 273, 280 [1992] [citations omitted]).
In any event, "a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right" (People v Etienne, 152 AD3d 790, 790 [2017] [internal quotation marks omitted]). Even though defendant attested that defense counsel explained the flawed written waiver to him, "it will not be sufficient for the trial court to defer to the defendant's off-the-record conversations with defense counsel by merely confirming . . . that [defense counsel] has discussed the waiver of the right to appeal with the defendant" (People v Neilson, 167 AD3d 779, 780 [2019] [internal quotation marks omitted]). 
Because defendant's waiver is infirm, it does not preclude appellate review of his challenge to the Justice Court's order denying suppression of his noticed statements and refusal. However, the court's order was decided correctly, and defendant's arguments to the contrary are unpersuasive. First, defendant's contention that his noticed statement was the product of a custodial interrogation, without the benefit of prior warnings, pursuant to Miranda v Arizona (384 US 436), is meritless. The statement was elicited by the trooper during a " 'temporary roadside detention pursuant to a routine traffic stop,' which is 'not custodial within the meaning of Miranda' " (People v Williams, 81 AD3d 993, 993 [2011], quoting People v Myers, 1 AD3d 382, 383 [2003]). 
Defendant's alternate contention—that his noticed statements and refusal were not voluntary because the trooper spoke with him in English only, despite his lack of proficiency in the language—is also without merit. Contrary to defendant's assertion on appeal, the fact that he was a Mexican national, and that Spanish may have been his first language, does not, in and of itself, constitute a valid presumption that he could not speak or understand English sufficiently when conversing with the trooper. The phraseology of defendant's noticed statement, "No, no. I don't drink nothing; my friends were drinking," while grammatically incorrect, demonstrated both defendant's understanding of the English-spoken question that elicited the response, and his ability to respond intelligibly and understandably in English. Finally, the trooper's partner's use of one Spanish word, which was unsolicited by defendant, does not allow for the reasonable inference that defendant's overall understanding of the English language was deficient either. Quite the opposite, defendant appeared to understand the trooper's various questions, all asked in English, and he responded in kind. Defendant never "stated that his understanding of English was limited" (People v Santos, 112 AD3d 757, 758 [2013]), requested an interpreter or translation at that time, or otherwise demonstrated that "his English language comprehension was so deficient that he could not understand the import of his rights" (People v Jin Cheng Lin, 26 NY3d 701, 725 [2016]). In sum, "there is record support for the lower court['s] determinations that defendant understood the import of his Miranda rights" and the refusal warnings (id. at 726).
Defendant's claim that his plea was not knowing, voluntary, or intelligent is unpreserved for appellate review, as defendant did not move to vacate his plea or otherwise raise the concerns he now raises on appeal at his plea colloquy, at his sentencing over a month later, or at any time in between (see People v Monroe, 174 AD3d 649, 650 [2019]; People v Plaza, 178 AD3d 958 [2019]; People v Tong, 238 AD2d 607 [1997]), and we decline to review his claim in the interest of justice. In any event, on the merits, defendant's arguments are unavailing.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 28, 2020