People v Hartsgrove (2026 NY Slip Op 00095)

People v Hartsgrove

2026 NY Slip Op 00095

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Ind. No. 1399/19|Appeal No. 5583|Case No. 2020-03313|

[*1]The People of the State of New York, Respondent,
vAmy Hartsgrove, Appellant.

Twyla Carter, The Legal Aid Society, New York (Jonathan R. McCoy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered July 23, 2020, as amended July 29, 2020, convicting defendant, after a jury trial, of robbery in the first and third degrees, and sentencing her to an aggregate term of five years, unanimously affirmed.
Legally sufficient evidence supported defendant's convictions, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [204]). Testimony by store employees established that after the assistant manager asked defendant to turn over the remainder of the food items she had taken and put into her bag, defendant took out a crowbar and raised it to hit the assistant manager before a cashier disarmed her. Thus, the evidence presented at trial "supports the conclusion that defendant's use of force against store employees was for the purpose, at least in part, of retaining control of the stolen merchandise that was still in [her] possession" (People v Young, 100 AD3d 517, 517 [1st Dept 2012], lv denied 20 NY3d 1105 [2013]; see Penal Law §§ 160.00, 160.05, 160.15[3]). Moreover, defendant's "extreme reaction provided an additional basis upon which the jury could infer that [her] actions were intended to ensure her retention of the stolen property" (People v Gordon, 23 NY3d 643, 653 [2014]; see People v McMahon, 279 AD2d 272, 272 [1st Dept 2001], lv denied 96 NY2d 803 [2001]).
The court, following the Criminal Jury Instructions (CJI), properly instructed the jury that defendant was an interested witness (see People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]). As this Court has repeatedly held, the standard CJI instruction "is properly balanced" (People v Bowden, 198 AD2d 39, 40 [1st Dept 1993]). The court's instruction that the jurors could consider whether any witness had an interest in the case's outcome was sufficient to address any hypothetical exposure the People's witnesses faced (see People v Pizarro, 190 AD2d 634, 635 [1st Dept 1993], lv denied 81 NY2d 1018 [1993]). In any event, any error was harmless because the evidence of defendant's guilt, including the testimony of the store employees, was overwhelming (see People v Leo, 249 AD2d 251, 252 [1st Dept 1998], lv denied 92 NY2d 900 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026