OPINION OF THE COURT
Julius A. Hellenbrand, J.
This is a motion to quash a subpoena duces tecum (the subpoena) directed to the United States Attorney for the Southern District of New York. Pursuant to the applicable section of the Code of Federal Regulations (28 CFR 16.23 [a]) the subpoena was referred to the United States Attorney for *146 the Eastern District of New York. The motion to quash is made by the latter United States Attorney.
The subpoena was issued at the instance of the defendant Frank Carbonaro who is charged with conspiracy in the third degree (one count) and criminal possession of stolen property in the first degree (three counts).
The trial of this action is imminent. CPL 240.45 (subd 1) provides, inter alla, the prosecutor shall make available to the defendant:
"(a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’s testimony;
"(b) A record of judgment of conviction of a witness the people intend to call at trial if the record of conviction is known by the prosecutor to exist;
"(c) The existence of any pending criminal action against a witness the people intend to call at trial, if the pending criminal action is known by the prosecutor to exist”.
Previously, the People moved for a protective order (CPL 240.50) relating to their intention to call Nicholas Agostino as a witness; Agostino has testified before a Federal Grand Jury, and gave a statement to the United States Attorney. The People were advised that the Government would not make Mr. Agostino’s statements available to either the State of New York or to the defense counsel and that while the State has endeavored to obtain these prior statements, it cannot compel the Federal Government to produce them.
This court denied the motion for a protective order, stating that such an order would effectively foreclose defendant from making whatever efforts he may be advised to make to obtain Agostino’s statements.
Thereafter, defendant’s attorney served on the United States Attorney for the Southern District fo New York the subpoena now being challenged. That subpoena would require the production of among other items: "(a) Any written or recorded statement, including any testimony before a Grand Jury, made by Nicholas agostino, a person, the prosecutor intends to call as a witness at trial and which related to the subject matter of the witness’s testimony”.
Originally there was no formal notice of motion in support of the motion to quash but there is now. A motion to *147 quash a subpoena need not be in writing. (See 2A Weinstein-Korn-Miller, NY Civ Prac, par 2304.01.)
Two affirmations support the motion. One is by an Assistant United States Attorney for the Southern District of New York; the second is by an Assistant United States Attorney for the Eastern District of New York and refers to sections contained in title 28 — Judicial Administration of the Code of Federal Regulations.
Part 16 of title 28 of the Code of Federal Regulations is entitled "Production or Disclosure of Material or Information”. Subpart B of Part 16 is entitled "Production or Disclosure in Response to Subpoenas or Demands of Courts or Other Authorities”. Section 16.21 of Subpart B states, "This subpart sets forth the procedures to be followed when a subpoena, order, or other demand * * * of a court or other authority is issued for the production or disclosure of (1) any material contained in the files of the Department, (2) any information relating to material contained in the files of the Department, or (3) any information or material acquired by any person while such person was an employee of the Department as a part of the performance of his official duties or because of his official status”.
Section 16.22 (28 CFR 16.22) of Subpart B states as follows: "No employee or former employee of the Department of Justice shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without prior approval of the appropriate Department official or the Attorney General in accordance with section 16.24”. (Emphasis added.)
Section 16.23 (28 CFR 16.23) states: "(a) Whenever a demand is made upon an employee or former employee of the Department for the production of material or the disclosure of information described in § 16.21(a) [set out supra], he shall immediately notify the U.S. attorney for the district where the issuing authority is located. The U.S. attorney shall immediately request instructions from the appropriate Department official, as designated in paragraph (b) of this section”.
The relevant portion of paragraph (b) of section 16.23 as it pertains to the instant motion to quash is: "(b) The Depart *148 ment officials authorized to approve production or disclosure under this subpart are: (1) In the event that the case or other matter which gave rise to the demanded material or information is or, if closed, was within the cognizance of a division of the Department, the Assistant Attorney General in charge of that division. This authority may be redelegated to Deputy Assistant Attorneys General”.
Both Assistant United States Attorneys affirm that they complied with the sections of Title 28 (Part 16, subpart B) set forth supra.
The Assistant United States Attorney for the Eastern District of New York thereupon notified the appropriate Department of Justice officials of the issuance and receipt of the subpoena. (28 CFR 16.23 [a].) The Government contends that, "The Department of Justice has not authorized disclosure pursuant to the subpoena, but has directed us to seek to quash the subpoena”.
It is contended that absent specific authorization, "the United States Attorney for the Southern District of New York is without authority to comply with the subpoena, and must, therefore, respectfully decline to comply”.
In Touhy v Ragen (340 US 462, 463) the Supreme Court sustained "the right of a subordinate official of the Department of Justice of the United States to refuse to obey a subpoena duces tecum ordering production of papers of the Department in his possession”. This case was followed as recently as April, 1977 in United States v Allen (554 F2d 398, 406) and is controlling of the disposition to be made of the instant motion to quash.
Defendant, after acknowledging that principles of law promulgated in Brady v Maryland (373 US 83) are not involved in this motion, urges that People v Rosario (9 NY2d 286) accords the defendant rights of constitutional dimension which must take precedence over the sections of title 28 of the Code of Federal Regulations. There is no merit in this contention. In Rosario the Court of Appeals made no reference at all to any provision of either the Federal or New York Constitution. The rationale of the holding in Rosario (supra, at p 289) is as follows: "The procedure to be followed turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand”.
*149 In United States ex rel. Butler v Schubin (376 F Supp 1241, 1247) the court wrote: "Rosario is grounded in the State’s common law, and if petitioner was wrongly denied tapes he was entitled to receive under that doctrine, no violation of federal constitutional rights is presented”.
Rosario (supra) is the New York counterpart of Jencks v United States (353 US 657). Even Jencks was not decided on constitutional principles. In a footnote in Schubin (supra, at p 1247) the court stated: "16. Similarly, Jencks was decided under the Supreme Court’s rule — making powers for the administration of justice in the federal courts rather than as a matter of federal constitutional law. See Palermo v. United States, 360 U.S. 343, 345, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959)”.
The motion to quash the subpoena duces tecum is granted.