[722 NYS2d 629]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. BUTTON, Appellant.

Fourth Department, December 27, 2000

## APPEARANCES OF COUNSEL

*Daniel E. Seaman, Public Defender,* Lockport (*Leonard G. Tilney, Jr.,* of counsel), for appellant.

*Matthew J. Murphy, III, District Attorney* of Niagara County, Lockport (*Thomas H. Brandt* of counsel), for respondent.

## OPINION OF THE COURT

PINE, J. P.

This case presents the issue whether defendant was entitled to *Rosario* material consisting of a Federal Bureau of Investigation (FBI) file generated by a Fugitive Task Force investigation jointly conducted by Federal and State law enforcement agencies. For the reasons that follow, we conclude that defendant's *Rosario* rights must yield to the right of the Federal Government to refuse access to that file.

On December 28, 1992, nine-year-old twin sisters disclosed to their mother that defendant had sexually molested them while they were playing hide-and-seek with a friend at the residence of defendant's girlfriend. The police were called and, after interviewing the girls and their mother, they attempted to locate defendant at the girlfriend's residence. The police were informed that defendant had jumped out the second floor window and fled. At another location, the police left word for defendant that they wanted to speak with him, and they were eventually able to interview defendant concerning the allegations. Defendant thereafter forwarded a handwritten statement to the police wherein he admitted "tickling" the girls but denied any intentional sexual touching.

In March 1993, the police attempted to arrest defendant after an indictment was returned against him, but they were unable to locate him. While conducting a search for defendant, they checked a rooming house that defendant had listed as one of his many addresses. Residents told the police that defendant had left "in a hurry" that day. The personal belongings of defendant were still in his room. The police received information that defendant had fled the jurisdiction and could be located in

either Pennsylvania or Tennessee. An unlawful flight to avoid prosecution warrant was filed against defendant in April 1993, and the case was transferred to a Fugitive Task Force. An agent for the FBI took charge of the investigation. Defendant's family members and the parents of a female friend of defendant were interviewed, and information gathered therefrom established that defendant and his female friend were in Tennessee. FBI agents thereafter learned that, while in Tennessee, defendant had stayed at a motel and been employed under an assumed name. Upon further investigation, however, the FBI was unable to locate defendant.

In October 1995 and August 1996, defendant's picture was placed in Buffalo newspapers in an effort to obtain information on defendant's whereabouts. While investigating a welfare application filed by defendant's female friend in August 1996, a welfare investigator observed defendant hiding in a closet. Defendant again gave an assumed name, stating that he had just arrived from Tennessee. Defendant was arrested one week later.

Defendant moved to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial (*see*, CPL 30.30). Defendant alleged that he had been in the Niagara Falls and Lockport area since the time of the alleged sexual abuse. He also alleged that he had been arrested in that area in April 1995. Thus, defendant asserted that the police had not used due diligence in attempting to locate him, resulting in the denial of his statutory right to a speedy trial.

At the hearing on defendant's motion, the People called as a witness the FBI agent in charge of the investigation to locate defendant. The agent described the efforts to locate defendant, including interviews and computer checks, and also testified concerning defendant's flight from the jurisdiction and use of an assumed name in Tennessee. Defense counsel requested the agent's FBI file on the efforts to locate defendant. He asserted that the FBI file was *Rosario* material and sought to strike the agent's testimony in the event that the file was not produced. The People contended that they requested the file but their request was denied. The Judicial Hearing Officer (JHO) determined that resolution of the issue should be left to County Court.

The court adopted the factual findings of the JHO, determining that defendant had fled the jurisdiction and concealed his identity in an effort to avoid prosecution. In denying defendant's request to strike the agent's testimony, the court determined

that the Federal authorities have the right to refuse a State's request for Federal files under 28 CFR 16.21 *et seq.* Defendant was thereafter convicted of four counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and sentenced to concurrent indeterminate terms of incarceration of 3 to 6 years.

■ On appeal from the judgment of conviction, defendant contends that the agent's testimony should have been stricken because defendant was denied his right to *Rosario* material. We reject that contention.

Under 28 CFR 16.22 (a), production or disclosure of any material contained in the files of the Department of Justice is prohibited in any State case in which the United States is not a party and the prior approval of the proper official of the Department of Justice has not been obtained. Here, defendant's right to *Rosario* material is in direct conflict with the FBI's right to refuse to produce the material. The Court of Appeals has held that, where there is no joint investigation and the People "did not possess or control—actually or constructively— the additional materials defendant sought," the People had no duty to disclose those materials (*see, People v Santorelli,* 95 NY2d 412, 422; *see also, People v Leo,* 249 AD2d 251, 252, *lv denied* 92 NY2d 900; *People v Kronberg,* 243 AD2d 132, 152, *lv denied* 92 NY2d 880). The Court wrote: "The duty to disclose information in these circumstances, of course, cannot be greater than the power to acquire it" (*People v Santorelli, supra,* at 421). Where, as here, the investigation is a joint investigation, with cooperation between Federal and State law enforcement agencies, a different analysis is required.

In *People v Carbonaro* (104 Misc 2d 145, 148-149), Supreme Court rejected the defendant's contention that the right to *Rosario* material was of constitutional dimension and thus that the right to such material must take precedence over the provisions of title 28 of the Code of Federal Regulations. We adopt that reasoning (*see also, People v Heller,* 126 Misc 2d 575, 576; *see generally, Commonwealth v Smith,* 412 Pa 1, 192 A2d 671, *cert granted and case remanded* 376 US 354; *Commonwealth v Smythe,* 245 Pa Super 75, 79-81, 369 A2d 300, 302-303) and thus conclude that defendant was not entitled to the FBI file. The right to *Rosario* material is not a right of constitutional dimension but, rather, is based on a court's power "to prescribe procedures for the administration of justice" (*Palermo v United States,* 360 US 343, 345, *reh denied* 361 US 855). Thus, the right to *Rosario* material must yield to the rights of the Federal Government under 28 CFR 16.22 in this State prosecution (*cf., People v Heller, supra*).

■ ■ We reject the further contention of defendant that he was denied his statutory right to a speedy trial (*see,* CPL 30.30). The flight of defendant from his girlfriend's residence on the day of the crime, his subsequent flight from the jurisdiction and his use of assumed names provide sufficient support for the court's determination that defendant was attempting to avoid prosecution (*see, People v Torres,* 233 AD2d 411, 411-412, *lv denied* 89 NY2d 868; *see also, People v Delacruz,* 189 AD2d 717, 718; *People v Brazeau,* 162 AD2d 979, *lv denied* 76 NY2d 891). Thus, the People are not chargeable with the time during which defendant's location was unknown (*see,* CPL 30.30 [4] [c] [i]). Finally, we reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Accordingly, the judgment should be affirmed.

WISNER, SCUDDER and KEHOE, JJ., concur.

Judgment unanimously affirmed.