People v Adams (2025 NY Slip Op 25019)

[*1]

People v Adams

2025 NY Slip Op 25019

Decided on January 28, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 28, 2025
Supreme Court, Erie County

The People of the State of New York

against
Jermain Adams &amp, Savion Mason, Defendants

Indictment No. 73470-24/001

Michael J. Keane, Esq.
District Attorney, Erie County
Daniel J. Morris, A.D.A.
for the People
Jeffrey P. Santoro, Esq.
for defendant Adams
Louis C. Mussari, Esq.
For defendant Mason

M. William Boller, J.

The defendants are charged with two counts of Criminal Possession of a Weapon in the Second Degree, pursuant to Penal Law §265.03(3) by way of indictment. Defendant Adams has moved to dismiss the indictment pursuant to CPL §30.30(1)(b) and §170.30(e). Defendant Mason has joined in the motion. The People have opposed this motion. Defendant Adams has filed a written motion to dismiss dated January 13, 2025. Defendant Mason has filed a written motion dated January 16, 2025. The People responded in writing on January 22, 2025. The case came before this Court for oral arguments on the motion on January 24, 2025.
The defendants primary argument is the People did not comply with their discovery obligations under CPL §245 and therefore the People's Certificate of Compliance, as well as Supplemental Certificate of Compliances, should be invalidated; the People's declaration of readiness should be deemed illusory and ultimately the indictment should be dismissed pursuant to CPL §30.30. The People argue they complied with their discovery obligations and exercised due diligence in doing so and further, they have not exceeded their statutory speedy trial time.
The case originated with a May 2, 2024 arrest of both defendants in the city of Buffalo on two counts of Criminal Possession of a Weapon in the Second Degree (for which they were ultimately indicted), three counts of Criminal Possession of a Weapon in the Third Degree, Criminal Use of Drug Paraphernalia in the Second Degree and Criminal Possession of a Controlled Substance in the Seventh Degree. Buffalo police executed a search warrant at an apartment and recovered various contraband. Mason, the owner of the apartment was arrested while at the Probation office and Adams was arrested during the execution of the warrant. The defendants were subsequently arraigned on May 3, 2024. An indictment was returned on October 11, 2024 and the defendants were arraigned on said indictment on October 23, 2024. The People filed their initial Certificate of Compliance on November 1, 2024 which was accompanied by their statement of readiness for trial. The People filed Supplemental Certificate of Compliances on November 13, 2024, November 19, 2024, November 27, 2024 and December 27, 2024. The defendant initially raised the issue over discovery non-compliance during a court appearance on December 18, 2024. The defendant subsequently filed a written motion on January 13, 2025.
Pursuant to CPL §30.30(1)(a), the People must be ready for trial, "six months of the commencement of the criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." "CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action (see CPL 30.30[1] ). Under CPL 30.30(1), the People have six months to announce readiness in a felony prosecution." People v Cooper, 98 NY2d 541. As the initial filing of the instrument occurred on May 2, 2024, the People had until November 3, 2024 (not including any excludeable time) to declare their readiness for trial. The People did file their Certificate of Compliance and statement of readiness on November 1, 2024, just under the statutory deadline (again, without considering any excludeable time which is discussed later). 
The defendant's arguments center around the People's failure to disclose certain documents prepared by federal law enforcement, specifically, "302 forms" prepared by Safe Streets Task Force (SSTF) agents of the FBI, a list of federal agents involved in the case as well as any other documents or information related to the federal agents assisting in this case. The People counter that federal law enforcement agencies are not under the control of state prosecutors, and further, despite this, the People exercised due diligence in attempting to obtain any documents or other evidence from federal law enforcement. 
The defendant cites to CPL §245.20(2) which states in part, "For the purposes of subdivision one of this section, all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution." The statute specifically mentions New York state law enforcement and local police or law enforcement. The statute does not specifically make any [*2]mention of federal law enforcement agencies. The issue of law enforcement agencies is addressed again in CPL §245.55 which states, "(E)ach New York state and local law enforcement agency shall make available to the prosecution a complete copy of its complete records and files related to the investigation of the case or the prosecution of the defendant for compliance with this article." Noticeably absent again from this flow of information section is the mention of any federal law enforcement agencies. The defendant, in his motion, argues the People did not provide the required information for "all law enforcement personnel." The defendant seeks to broaden the statutory language of state and local police and law enforcement to encompass federal law enforcement agencies." This point is also addressed in People v Bay, 41 NY3d 200 citing the statute, "(A)nd provides that materials possessed by a New York state or local police or law enforcement agency are deemed in the People's possession for purposes of the discovery requirements." 
The People were able to obtain a list of federal agents that were involved in the execution of the search warrant in this case. That list was turned over in the People's second Supplemental Certificate of Compliance on November 19, 2024. Also included was an explanation for the delay. The People also provided the "50-a" material of FBI Special Agent Bender in their fourth Supplemental Certificate of Compliance, dated December 27, 2024. This document also included an explanation for the delay. The defendant has argued there is further federal law enforcement documentation that has not been turned over including "302 forms." The People have indicated, that after meeting with federal law enforcement agents, no additional documentation, including the "302 forms" exist. The People argue they can not disclose what does not exist. 
There seems to be a lack of pre-existing interpretation of the new discovery statute from the Courts on this specific issue. In their oral argument, the People cited People v Santorelli, 2000 95 NY2d 412 (2000). The Court in Santorelli held, "The reports—involving a separate, pre-existing investigation—were in the hands of the FBI, an independent Federal law enforcement agency not subject to State control. While defendant argued that the two agencies were engaged in a joint or cooperative investigation, and that the District Attorney thus had constructive possession or control of the Federal records, the trial court held otherwise, and the record before us supports that undisturbed finding." Further, "That a Federal law enforcement agent served as a fact witness at defendant's trial does not alter the conclusion that the People did not possess or control—actually or constructively—the additional materials defendant sought." Finally, the Court in Santorelli, also indicated, "As in the Brady context, the People cannot be charged with failure to disclose materials they themselves could not obtain from law enforcement officers answerable to another sovereign." This issue was also raised in People v Kronberg, 243 AD2d 132 (1998), which held, "The documents were in the possession of the FBI, which is not part of the State "law enforcement chain." (People v Kelly, 88 NY2d 248, 253.) The People never had possession of the 302 reports." While both of these cases address the People's lack of control over federal law enforcement agencies, they do pre-date the enactment of CPL §245.
In analyzing this issue, some situations have a seemingly clear answer. If information from federal law enforcement exists and is known to the People, the People would have an obligation to disclose that material in a timely manner to the defendant (absent any protective order). In this case, after submitting a written request to the FBI, the People obtained a list of [*3]federal law enforcement agents involved in the execution of the search warrant in this case. The People have noted they received the list on November 18, 2024 and it was subsequently disclosed in their second Supplemental Certificate of Compliance filed on November 19, 2024. Likewise when the People came into possession of the "50-a" material related to an FBI special agent, they quickly provided that information to the defendants.
Another category that seemingly has a clear answer, is any situation in which there is exculpatory material possessed by a federal law enforcement agency. Now their may ultimately be situations in which the People never learn of this material (which one can only hope would never be the case). There has always been an obligation to disclose exculpatory material pursuant to the People's Brady obligations and subsequent codification of this duty in CPL §245.20(1)(k). While the defendant does mention potentially exculpatory material existing in this case, it appears to be more hypothetical at this point based on the information provided to the Court by both parties. 
Ultimately, the question this Court must decide is whether federal law enforcement agencies are under the control of the People pursuant to CPL §245.20. While there is no doubt the People are imbued with having the knowledge of any information in possession of state and local law enforcement agencies for the purposes of discovery, the issue of the People's control over federal law enforcement agencies require a different evaluation. The issue was addressed in the Santorelli and Kronberg cases as discussed previously. Those cases pre-date the discovery changes enacted in the new CPL §245. The Fourth Department briefly addressed the issue post-Legislation 2020 in People v Jenkins, 197 AD3d 927, holding, "Here, the materials sought by defendant were in possession of the Federal Government, and it is well established that "the right to Rosario material must yield to the rights of the Federal Government under 28 CFR 16.22 in this State prosecution" (People v. Button, 276 AD2d 229, 232, 722 N.Y.S.2d 629 [4th Dept. 2000]."
There is no question the People have a high burden when it comes to obtaining and providing discovery in a criminal proceeding. The People must, however, abide by this obligation. At the same time, there should not be additional burdens placed upon them, beyond the statute, that are simply unable to be fulfilled in a realistic and consistent manner. Will federal law enforcement agencies provide discoverable material to state and local prosecutors in some circumstances? Possibly. Will it require Touhy letters or subpoenas in some situations? Also, likely. Finally, there are situations federal law enforcement agencies may simply ignore or reject the efforts of state and local prosecutors. Ultimately, it is an enormous leap from requiring the People to perform due diligence and attempt to gather information from federal law enforcement agencies to ruling that state and local prosecutors are deemed in possession of all items and information related to the prosecution of a charge in the possession of federal law enforcement. There is no mention of federal law enforcement in the statute. State law does not supercede federal law in this situation requiring federal law enforcement to comply with state guidelines as opposed to federal guidelines. Pre-CPL §245 indicates that if there was truly a joint federal and state investigation, the discovery question may need a different evaluation. In this case, having reviewed the submitted information, this was a Buffalo Police led investigation in which a federal task force assisted.
The Court appreciates the argument that some of these officers are local law enforcement [*4]working on a federal task force. The specific documentary discovery the defendants are seeking concerns federal forms. There is no allegation from the defendants that the local law enforcement officers "50-a" material was not disclosed which would be possessed by the local law enforcement agency and shared with the People, only "302 forms" and any other federally maintained documents. So while a distinction may exist, it appears information, documents and records that are prepared and maintained by the task force officer's local law enforcement agency have been shared. 
During oral arguments, the defendant alleged that excluding federal law enforcement discovery would lead to the police using federal agencies on numerous investigations in order to shield information that would otherwise be discoverable. It has been over five years since the new discovery legislation was enacted and took effect. This is an issue of first impression for this Court. It would seem the defendants fears of this strategy are unfounded as this would have been more prevalent over the course of five years if this was to be a strategy utilized by law enforcement. 
After reviewing the information provided by both parties, as well as the relevant statutes and limited case law, this Court find that the People do not have control over federal law enforcement agencies for the purpose of CPL §245. The statute does not explicitly state this whereas the statute is clear when it comes to state and local law enforcement agencies. Further, there is no appellate authority expanding the discovery requirements beyond the statute as it pertains to control over federal law enforcement agencies. As noted, if the People are in possession of the information it must be disclosed (subject to any protective orders). Absent that actual possession, this Court is not in the position to expand that statute to encompass federal law enforcement agencies. 
In addition to arguing the People are not in control of federal law enforcement agencies, the People make a secondary argument that certain time periods should be excludeable from the computation of CPL §30.30 time. Specifically, the People argue the time between the May 2, 2024 arrest and the May 3, 2024 arraignment of the defendants is excludeable. The People are correct, as noted by the Court in People v Stiles, 70 NY2d, 765, that the day of the filing of an accusatory instrument is excludeable. 
The People next argue the time between July 17, 2024 and July 23, 2024 is excludeable due to the People's filing of an Order to Show Cause to obtain buccal samples for the defendant. The People have argued that the time period is excludeable as this was a pre-trial motion. The statutory excludeable time periods are outlined in CPL §30.30(4). Specifically, CPL §30.30(4)(a) states, "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which the defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals' trial or other charges; and the period during which such matters are under consideration by the court." It does not appear an order to show cause to obtain a buccal swab would fall under the category of a "pre-trial motion." The situation would be different, however, if the defendant did not appear when ordered. An argument could then be made the time would be excludeable pursuant to CPL §30.30(4)(c)(1). Also, if the defense requested an adjournment of the order to show cause, that period would be arguably excludeable under CPL §30.30(4)(b). Those situation do not appear to be present in this case and [*5]therefore this period of time would not be excludeable. 
Finally, the People argue that the period of time from November 1, 2024 through November 6, 2024 should be excludeable pursuant to an ex parte Protective Order file by the People. While excluding time for an ex parte motion made by the People may at first glance seem counterintuitive, it does affect what material must be shared and what can initially be shielded. There appears to be limited decisions on this particular issue. The defense cites to various cases (People v Anderson, 66 NY2d 52 and People v Otero, 70 Misc 3d 526) which discuss exclusions having no bearing on the People's ability to gather information and share it with the defense. This specific motion, however, the request for a protective order, does affect the People's ability to share that information with the defense until a Court has issued a ruling. The People cite People v Erby, 68 Misc 3d 625, a Supreme Court case out of Bronx County which held, "The inescapable conclusion is that the People's request for a protective order constitutes a "motion" for which time is excludeable. Counsel for the defendant also conceded that a protective order request constitutes a motion, and is thus excludeable under CPL §30.30 (4)." Therefore, this five day period would not be chargeable to the People. 
The People are not in control of federal law enforcement agencies for the purposes of CPL §245. Further, the People did attempt to acquire information from federal law enforcement and when it was received, it was expeditiously shared with the defense. There is no indication the federal documents the defendant still seeks exist, and therefore cannot be turned over. Finally, based on the information before the Court, there is no indication any exculpatory material was not disclosed and there has been no valid argument that the belatedly disclosed information has had an prejudice on the defendant. "CPL article 245, which contemplates additional discovery and provides that no adverse consequences to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances, other than a discovery sanction pursuant to CPL 245.80." Bay, 207. In this situation, as the People's declaration of readiness was not illusory and the CPL §30.30 time has not expired, dismissal of the indictment is an extreme remedy which is not appropriate in this situation (as opposed to if the speedy trial time had in fact run). "The remedy must be appropriate and proportionate to the prejudice suffered by the party entitled to the disclosure." Bay, 214.
The Court has accepted the People's Certificate of Compliance and statement of readiness. Therefore, the defendants' motion to dismiss the indictment pursuant to CPL §30.30 due to the defendant's argument that the People committed discovery violations and therefore their statement of readiness was illusory is DENIED. 
SO ORDERED.
HONORABLE M. WILLIAM BOLLER
A.J.S.C.
DATED: January 28, 2025
BUFFALO, NEW YORK